CHARLES G. PLATEN, plaintiff in error, *vs.* LEVY E. BYCK, defendant in error.

Where A had a suit pending against B, and had also a summons of garnishment sued out against C, a debtor of B's, and before A's claim against B was carried to judgment, it was agreed, in writing, by the attorneys of the three parties, that the garnishment should be dissolved ; that C should pay the amount he owed B over to B's attorney, who, after taking out his fees, should hold the balance subject to A's suit against B, and C paid the money according to the agreement and in good faith :

*Held*, That the garnishment was dissolved by the payment of the money under the agreement.  If the money is not duly held and disposed of under the agreement, A has his remedy by rule, against the attorney receiving the money, but the garnishee who has in good faith paid his money, is discharged.

Garnishment.   Attorney and client.   Rule against officer. Before Judge SCHLEY.   Chatham Superior Court.   May Term, 1872.

The facts of this case are succinctly as follows : On January 18th, 1871, Platen recovered a judgment against one Adam Short for $1,421 29, in Chatham Superior Court.   Summons of garnishment had been previously served upon Byck.   At the February term, 1870, of the City Court of Savannah, Short recovered a judgment against Byck for $700 00 and costs.   Subsequent to this last mentioned judgment, but prior to the first, the following agreement was entered into :

"ADAM SHORT *vs.* LEVY E. BYCK.

"*In the City Court of Savannah, February Term*, 1870.

"The said case having come on for jury trial at the February term, 1870, and judgment having been given for plaintiff in the sum of $700 00 and costs ; and it further appearing that there is now pending in the Superior Court of Chatham county, a suit wherein the said Charles G. Platen is plaintiff, and Adam Short defendant, and that said Levy E. Byck has been served with process of garnishment, to answer at the Superior Court what he is or may be indebted to said Adam Short, sued out by the said Platen. Now, it is mutually agreed that the said garnishment shall be as if regularly dissolved, and that the said amount of $700 00 may be paid over to the attorneys of Adam Short, to be by them held to answer the determination of the case in the Superior Court, after deducting the amount of their fees, due to them from said Short.

"Savannah, 28th February, 1870.

(Signed)          "WM. D. HARDEN,

                 " Attorney for C. G. Platen.

         "JULIAN HARTRIDGE,

         "HARTRIDGE & CHISHOLM,

         "MILLS & TOMPKINS,

                 "Attorneys for A. Short."

Byck paid over the money to Short's attorneys on the day the above agreement was signed.

On the 13th of May, 1872, judgment was rendered in the Superior Court of Chatham county against Byck, as garnishee, for the full amount of the judgment rendered in favor of Platen against Short, said Byck having failed to answer. On June 3d, 1872, the following order was taken :

"CHARLES G. PLATEN *vs.* ADAM SHORT, defendant, and LEVY E. BYCK, garnishee.

" *Judgment Rendered against garnishee, May 13th*, 1872.

"It now appearing that the summons of garnishment on the above judgment mentioned, had, for a valid consideration,

Platen *vs.* Byck.

been withdrawn by plaintiff's counsel, and that no answer was required thereto on the part of the said garnishee: It is hereby ordered, that the said judgment against Levy E. Byck, the said garnishee, be set aside and vacated, and that the sheriff dismiss his levy made in that behalf, and return the execution to the clerk of this Court, with the proper indorsement, at plaintiff's cost.

"In open Court, June 3d, 1872.

(Signed)                      "WILLIAM SCHLEY,

"Judge Superior Court, Eastern Circuit."

On July 10th, 1872, Platen petitioned the Court for a rule against Byck, requiring him to show cause why said order of June 3d, 1872, should not be vacated, on the ground that it was granted without notice to petitioner. The rule issued as prayed for. Upon the hearing, substantially the above facts were made to appear, and the Court refused to vacate the order as prayed. To this judgment exception was taken by Platen.

CHARLES G. PLATEN, in *propria persona*, for plaintiff in error.

No appearance for defendant.

McCAY, Judge.

If the judgment against the garnishee was, in fact, improperly taken, there was no error in the refusal of the Court to set aside the order vacating it. It would be mere child's play to re-establish the judgment on the ground that it was vacated without notice, and then vacate it because it was in truth illegally taken. As the judgment against the garnishee was in the nature of a judgment by default, for his failure to answer, it follows that if he had, from the plaintiff's conduct, a right to believe it was no longer to be pressed against him, he was not in default. We think the facts show he had the best of reasons. He had the written agreement of the plaintiff's attorney that if he would pay the full amount of his

debt to Short, as ascertained by Short's judgment against him, over to Short's attorney, to be by him held to await the plaintiff's judgment against Short, the garnishment should be dissolved. In good faith, and in pursuance and upon the authority of this agreement, the garnishee paid the money.

Had he a right to act upon this agreement of the plaintiff's attorney? Had he a right to assume, after he had complied with his undertaking, to suppose the garnishment would be abandoned? and was he, therefore, not in default? We think he was not in default, that he had a right to treat this agreement of Mr. Harden as the agreement of the plaintiff, and having in good faith acted on it, he is discharged and the garnishment dissolved. Mr. Harden was the plaintiff's agent. Under section 443 of the Code, (1868,) an attorney at law has a right to bind his client by such an agreement. The words are, "they have authority to bind their clients in any action or proceeding by any agreement in *relation to the cause*, made in writing, and in signing judgments and entering appeals." This is a very broad authority, and, in our judgment, includes this case, to-wit: an agreement that the garnishee shall deposit the amount due to await the event of the suit brought by the attorney. But independently of this, the Judge was justified under the evidence in coming to the conclusion that the plaintiff was consulted about the matter, and that the agreement was with his concurrence, and with his approbation after it was done. True, the plaintiff himself says not, but Mr. Harden so testifies, and it was for the Judge to believe Mr. Harden if he thought his testimony the most reliable.

We think it would be a gross wrong on the garnishee to compel him to pay this money again after he has paid it under the orders of the plaintiff's attorney. That the plaintiff has not got his money is not Byck's fault. Whether the person into whose hands it was paid has properly kept it or disbursed it, is not now the question. If he has not, the plaintiff has his remedy. He, the attorney, is an officer of Court, and it would be a violation of his duty, as an attorney, not to

have the money as the agreement provides. It is no answer to say that Mr. Harden acted unwisely, or even corruptly in making this agreement, unless Byck was a party to or had knowledge of the corruption. Mr. Harden was the plaintiff's chosen agent, and he must abide by his agent's acts within the scope of his authority. We do not say Mr. Harden acted improperly. Indeed, so far as the record shows the facts, the agreement seems to have been a very proper one to have been made, and at the time, apparently very much to the plaintiff's interest.

Upon the whole, we affirm the judgment, leaving open to the plaintiff to compel the attorney who received the money to be called on by the Court to account as an attorney at law for this money, received by him as such, in trust to answer the plaintiff's judgment. As it appears to us, he has charged a very heavy fee, and if the plaintiff pleases he can call him to account for the use of the trust he undertook.

Judgment affirmed.