LEONARD *v.* THE STATE OF GEORGIA *ex rel.* LANIER, Solicitor-General, etc.

DUCKWORTH, Chief Justice. 1. The provisions of the State Constitution, article 3, section 7, paragraph 16 (Code, Ann. Supp., § 2-1916), that no law or section of the Code shall be amended or repealed unless the amending or repealing act shall distinctly describe the law to be amended or repealed, has no reference to repeal by implication. *Nolan* v. *Central Georgia Power Co.,* 134 *Ga.* 201 (3) (67 S. E. 656); *Head* v. *Wilkinson,* 186 *Ga.* 739 (3) (198 S. E. 782); *Barber* v. *Housing Authority of Rome,* 189 *Ga.* 155, 157 (5 S. E. 2d, 425).

2. Where a later or revising statute clearly covers the whole subject-matter of an antecedent act, and it plainly appears to have been the purpose of the legislature to give expression in it to the whole law on the subject, the antecedent act is repealed by necessary implication. 1 Sutherland, Statutes and Statutory Construction, p. 465; *Hardeman* v. *Ellis,* 162 *Ga.* 664, 691 (135 S. E. 196); *City of Atlanta* v. *Goodman,* 183 *Ga.* 834, 836 (189 S. E. 829), and cit.; *Thornton* v. *State,* 5 *Ga. App.* 397 (3) (63 S. E. 301); *Adcock* v. *State,* 60 *Ga. App.* 207, 209 (3 S. E. 2d, 597).

3. The act of 1938 (Ga. L. 1937-38, Ex. Sess., pp. 103, 111; Code, Ann. Supp., § 58-1001 et seq.), provides for the taxing, legalizing, and control of the sale of intoxicating liquors in this State in counties which comply with the requirements of that act (Code, Ann. Supp., § 58-1002 et seq.). Section 9 (c) of the act (Code, Ann. Supp., § 58-1029) provides that "no business licensed under this act shall be operated within one hundred yards of any church," etc., and the act further provides that "All laws and parts of laws in conflict with the provisions of this act are hereby

repeated." This act exhibits a manifest purpose of the legislature to give expression to the whole subject-matter of the sale of intoxicating liquors as dealt with in the act of 1891 (Ga. L. 1890-91, pp. 132, 133; Code, Ann. Supp., § 58-601) as amended by the act of 1891 (Ga. L. 1890-91, pp. 133, 134), making it a misdemeanor to sell any spirituous, alcoholic, or malt liquors within a radius of three miles of a church or public or private schoolhouse, without the limits of any incorporated town or city, except as to the sale of liquors in original packages of not less than forty gallons by the manufacturer thereof to legally authorized dealers; and to design an all-inclusive method or plan for taxing, licensing, and controlling the sale of intoxicating liquors in counties which comply with the provisions of the statute, and thereby become entitled to regulate, in the interest of the public, the business of selling intoxicating liquors. See *Bernstein* v. *Peters,* 68 *Ga. App.* 218 (22 S. E. 2d, 614). Accordingly, the act of 1891, supra, as amended, is by the act of 1938, supra, repealed or suspended by necessary implication as to counties controlling under the act of 1938, supra, the sale of intoxicating liquors.

4. The Solicitor-General of the Middle Judicial Circuit of this State brought an action in the name of the State of Georgia in the Superior Court of Emanuel County, upon the relation of named persons, individually and as members of Corinth Freewill Baptist Church in Emanuel County, against the defendant and others later stricken as parties, seeking to enjoin as a public nuisance, under the provisions of the Code, § 72-101 et seq., the operation of a liquor store by the defendant without the limits of an incorporated town or city and within three miles of a church. The defendant's general demurrer was overruled, and exceptions pendente lite were duly filed. After a hearing the court enjoined the operation of the liquor store as prayed. Error is assigned on the exceptions pendente lite and the final judgment. *Held:*

(*a*) The courts take judicial notice of the fact that Emanuel County has complied with the provisions of the act of 1938, supra (Code, Ann. Supp., § 58-1002 et seq.), entitling it to tax, legalize, and control the sale of intoxicating liquors. *Combs* v. *State,* 81 *Ga.* 780 (8 S. E. 318); *Woodard* v. *State,* 103 S. 496 (30 S. E. 522); *Hall* v. *Simmons,* 54 *Ga. App.* 568, 571 (188 S. E. 597).

(*b*) Under the verified pleadings by which the case was by agreement tried by the presiding judge, together with the admission of the parties that the liquor store in question was located and being operated, without the limits of any incorporated town or city, exactly two miles from Corinth Freewill Baptist Church in Emanuel County, which had complied with the provisions of the act of 1938, supra, a finding was demanded that the defendant, who held licenses from Federal, State, and county authorities, was not operating the liquor store in violation of the controlling statute, the act of 1938, supra (Code, Ann. Supp., § 58-1029), which provides that a business as here licensed shall not be operated within 100 yards of a church. Accordingly, the court erred in overruling the general demurrer and in enjoining the operation of the liquor store.

*Judgment reversed. All the Justices concur.*

No. 16394. November 17, 1948.

*Price & Spivey,* for plaintiff.

*W. H. Lanier, Solicitor-General,* and *I. W. Rountree,* for defendants.