## 20428. INTERNATIONAL ASSOCIATION OF MACHINISTS *et al.* v. STREET *et al.*

DECIDED OCTOBER 5, 1961—REHEARING DENIED OCTOBER 24, 1961.

*Milton Kramer, Schoene & Kramer, David L. Mincey, C. E. Gregory, Jr., Arnall, Golden & Gregory,* for plaintiffs in error.

*E. Smythe Gambrell, W. Glen Harlan, Charles A. Moye, Jr., Harold N. Hill, Jr., Gambrell, Harlan, Russell, Moye & Richardson, Terry P. McKenna, Bloch, Hall, Groover & Hawkins, Harris, Russell, Weaver & Watkins, Charles J. Bloch,* contra.

ALMAND, Justice. Our judgment of May 8, 1959, affirming the final decree of Bibb Superior Court was, on appeal to the Supreme Court of the United States, reversed and remanded to this court on June 19, 1961, for proceedings not inconsistent with the opinion of the court. *International Association of Machinists v. Street,* 367 U.S. 740 (81 SC 1784, 6 LE2d 1141).

Upon receipt of the remittitur, but before entering our judgment thereon, this court by notice to counsel for all the parties advised them that in reversing the judgment of the trial court and remanding the case, it was the intent of the court to give directions to the trial court as. to further proceedings. Counsel for the individual plaintiffs and the union defendants have filed their response and suggested directions.

1. The union defendants suggest that the amended petition should be dismissed because all the plaintiffs who have paid the Brotherhood of Railway & Steamship Clerks any money as dues and assessments since the operative date of the union-shop provisions of the agreement between the railroad defendants and the union defendants can have all such money returned to them

upon their request. Attached to the response were copies of letters from the president of the brotherhood to the individual plaintiffs, dated August 28, 1961, advising them that, if they desired to leave the union, they could do so and their severance from the union would be retroactive to any date since June 13, 1953, and all dues and reinstatement fees paid to the brotherhood since said date would be refunded if they so requested, within a reasonable time. For this reason, it is contended, direction should be given to dismiss the petition as amended.

We decline to give such direction. Under the union-shop agreement, the railroad defendants are obligated to discharge any of the plaintiffs who do not, within a specified time, become members of the union of their particular craft. The union defendants by their unilateral action in offering to exempt the plaintiffs from being members of the union and upon their request to refund them the monies paid as dues, etc., afford them no protection against future action by the railroad defendants. Their suit was not only to recover a money judgment for the dues exacted from them but for a declaratory judgment and an injunction to protect their rights in the future.

2. We now, in pursuance of the mandate from the Supreme Court of the United States, vacate and set aside our judgment of May 8, 1959, affirming the judgment of Bibb Superior Court, and enter a judgment of reversal and remand the cause for further proceedings in accordance with the opinion of the Supreme Court of the United States with the following directions:

(a) Though the Supreme Court of the United States reversed our judgment, that court did not hold that the plaintiffs were without any right or remedy. They held that § 2, Eleventh of the Railway Labor Act (45 U. S. C. § 152, Eleventh), denied the defendant unions, over an employee's objection, the power to use "his exacted funds to support political causes which he opposes." The court suggested two remedies "which would appear appropriate to the injury complained of."

The trial court is directed to provide for a hearing and the taking of evidence so as to enter a final decree requiring the union defendants to give oral testimony and to produce documents, books, and records disclosing the sources and amounts of monies

the union defendants, during a period of time selected by the court, have paid out of dues and assessments for the support of political causes, and for the purpose of collective bargaining.

In hearing the case and framing a final decree, the court is directed to exercise its general equitable discretion so as to devise a fair, practicable, and convenient system of making refunds or reductions in dues, fees, and assessments for the non-operating employees, who upon notice to the union, object to the use of their monies for purposes other than collective bargaining, such refunds or reductions to be so computed that the dissenting member contributes to the costs of the collective bargaining alone.

Should the trial court be able to determine whose money is spent for what, after the dues, fees, and assessments have gone into a general fund, and how the plaintiffs can be saved from harm by any withdrawal from the general fund for political purposes, and be able to formulate a practical method which would afford the relief which the majority say is due the plaintifs, then that court is directed to enter a decree accordingly. However, should the trial court be unable to determine a method practical in performance by which the plaintiffs can be safeguarded from any harm caused by withdrawal from the general fund of any monies for political purposes, then it should make use of its equity powers to give the protection by enjoining the unions from spending any monies for political purposes.

(b) Under the record, and particularly under the stipulation of the parties when the case was before us, we held this to be a class action. However, the Supreme Court of the United States held the case not to be a class action. Direction is accordingly given that all non-operating employees of the railroad defendant, who so desire, be given an opportunity and be permitted to intervene as parties plaintiff, and that the court in a method and manner it deems most expedient cause written notice to be given to all such employees of their right to intervene and become parties to the case.

*Judgment reversed with directions. All the Justices concur, except Grice, J., not participating.*