## 22546. SHEPPARD v. DeKALB COUNTY BOARD OF EDUCATION et al.

Submitted July 13, 1964—Decided September 11, 1964.

*Carl T. Hudgins,* for plaintiff in error.

*Murphey Candler, Jr., B. Hugh Burgess, George P. Dillard,* contra.

MOBLEY, Justice. 1. (a) If the Act (Ga. L. 1956, p. 100) is unconstitutional, as alleged in the answer, a decision on the demurrers would be unnecessary; therefore, the cross action will be dealt with first.

Does the above-cited Act violate Art. III, Sec. VII, Par. VIII of the Georgia Constitution (*Code Ann.* § 2-1908) which provides: "No law shall pass which refers to more than one subject matter, or contains matter different from what is expressed in the title thereof."? The title of the Act reads: "An Act to authorize county boards of education and certain independent and public school systems to condemn private property for public school purposes; . . . , to repeal conflicting laws; and for other purposes." Section 1 of the Act provides in part: "The county boards of education, . . . , are hereby authorized and empowered to take and damage by condemnation, private property for public school purposes, either for public school building sites, playgrounds, athletic fields, or other purposes, in connection with the common schools, high schools or any public educational program which is now or may be hereafter authorized by law." Plaintiff claims the Act contains matter different from what is expressed in the title because the words, "or any public educational program which is now or may be hereafter authorized by law," are not in the title, and that there is more than one subject matter in the Act "because said Act in the body relates to common schools, high schools, and public educational programs then in existence, and also with unknown, unnamed, and indefinite educational programs to be authorized by future laws."

The title clearly indicates that the Act authorizes county school boards to condemn private property for public school purposes, and a "public educational program" is a public school purpose and sufficiently embraced by the title of the Act. Therefore, the Act does not contain matter not contemplated by the title. The Act does not contain more than one subject matter, because it authorizes condemnation for present and future public educational programs as well as for common schools and high schools, as these are all public school purposes, and are germane to, have a natural connection with, and reasonably

relate to the one general subject of legislation—condemnation for public school purposes. Therefore, the Act is not open to the objection of plurality of subject matter within the meaning of Art. III, Sec. VII, Par. VIII of the Georgia Constitution. *Whitley v. State*, 134 Ga. 758 (3), 775 (68 SE 716); *Hines v. Etheridge*, 173 Ga. 870, 876 (162 SE 113); see also *Nolan v. Central Ga. Power Co.*, 134 Ga. 201 (67 SE 656).

(b) Is the DeKalb County Junior College a public educational program authorized by law so that condemnation therefor is authorized? The Georgia Constitution, Art. VIII, Sec. V, Par. I (*Code Ann.* § 2-6801) grants authority to the counties to establish and maintain public schools within their limits and specifies that each county shall compose one school district to be managed by a board of education. The Junior College Act of 1958 (Ga. L. 1958, pp. 47-50) authorizes the county to establish, maintain, and operate a junior college. A junior college is defined as "a community educational institution constructed and operated by a local operating authority," and "local operating authority shall mean any city, county, county school system, . . ." The Junior College Act of 1958 was partially amended by Georgia Laws 1964, page 686, which did not, however, alter the authority of the counties or county school systems to establish and operate one or more junior colleges and clearly reaffirmed the power of county boards of education to condemn property pursuant to Georgia Laws 1956, page 100. Also in November, 1962, the people of DeKalb County ratified a constitutional amendment (Ga. L. 1962, p. 982 et seq.) specifically authorizing the DeKalb County Board of Education "to establish, acquire, construct, maintain, operate, improve, and administer a Junior College in said county." Georgia Laws 1956, page 100, authorizes condemnation for public school purposes, which includes any public educational program authorized by law. A junior college which is established, constructed, equipped, maintained, operated, and administered by a county board of education as a "community educational institution" is clearly a public educational program. It is also clearly authorized by law. Therefore, the DeKalb County Board of Education was authorized under the above-cited Act to condemn plaintiff's property.

(c) Condemnation of plaintiff's property does not deny him due process of law in violation of the 14th Amendment to the Federal Constitution and Art. I, Sec. I, Par. III of the Georgia Constitution, as contended by plaintiff, for the reason that the condemnation of the property was authorized by law as hereinbefore held.

The trial court did not err in denying a temporary injunction.

2. (a) Plaintiff demurred generally to defendant's petition on the ground that "Nowhere in the resolution does it appear that the said Board of Education determined that it was necessary for it to condemn and acquire the property for a specific use, and until the use is made known, and until the intended use appears to be one that is provided for under statutes authorizing condemnation, the petitioner has no right to proceed with condemnation."

The resolution recites that the board in the discharge of its duty "must secure property for the purpose of constructing school buildings and providing necessary educational facilities," and further provides that it "does hereby determine and state that a necessity exists for the acquisition of the above described property by this Board for educational purposes."

Georgia Laws 1956, page 100, authorizes the board to condemn private property for "public school purposes," or in connection with "any public educational program," and the resolution sufficiently states that the property is to be taken and used for such purposes as authorized by the statute. The language of the resolution is not so vague and indefinite as to provide insufficient notice to the condemnee that his property is necessary for a public use because it states the public use for which the property is necessary, to wit: for "educational purposes" and more specifically for "constructing school buildings and providing necessary educational facilities." Such a resolution need not go into a detailed analysis of what type of school facility or building is being contemplated so long as it sufficiently puts one on notice that the purpose of the condemnation is for public school purposes or for educational purposes as authorized by the Act. See *Atlanta Terra Cotta Co. v. Georgia R. &c. Co.*, 132 Ga. 537 (2) (64 SE 563), which held that the requirements

of notice are met by a condemnation petition which states the general purposes for which land is required as "the law does not require needless particularity and detail." Since the petition states that the board in the discharge of its duty must secure property for school buildings and educational facilities, it clearly means public school buildings and educational facilities because the board has no duty to acquire land for these facilities unless they are to be used for public educational purposes.

(b) Special demurrers were made to the paragraphs of the resolution stating that, "in the discharge of its duties, the De-Kalb County Board of Education must secure property for the purpose of constructing school buildings and providing necessary educational facilities" and that in the discharge of such duties the board found it necessary to acquire plaintiff's property, on grounds that the paragraphs were conclusions and were evasive. The special demurrers are without merit. The resolution stated an ultimate fact, to wit: that the board had the duty to acquire property for school buildings and educational facilities and that it had found it necessary to acquire plaintiff's property for such purposes. This statement was not vague, but sufficiently clear to put the plaintiff on notice as to the purpose for which the property was required.

The trial court properly overruled the general and special demurrers to the petition.

*Judgment affirmed. All the Justices concur.*