24386. CLARY v. MATHEWS et al.

UNDERCOFLER, Justice. This is an action to enjoin a grievance tribunal appointed by the State Disciplinary Board of the State Bar of Georgia from holding a hearing to determine whether probable cause existed for the issuance of a formal complaint against a member of the bar for the reasons that

the members of said grievance tribunal were not appointed in accordance with the rules of the State Bar of Georgia; that one member of the grievance tribunal has formed and expressed an opinion with reference to the guilt of the member complained against and is completely and unalterably prejudiced against him in said cause; that the State Disciplinary Board is acting as prosecutor, judge and jury because it issues the complaint, one member thereof is a member of the grievance tribunal, and the other two members are appointed by it; all of which facts deprive the petitioner of a "fair" hearing and deny him due process and equal protection of law under the 14th Amendment of the Constitution of the United States. The petitioner alleges that he has no adequate remedy at law and that he will suffer irreparable damages unless equity intervenes. The trial court denied the injunction and the appeal is from that judgment. *Held:*

Generally, "In order to comply with the requirements of due process, the hearing granted by an administrative body must be a full and fair one, before an impartial officer, board, or body free of bias, hostility, and prejudgment; but mere irregularity or error with respect to a hearing cannot be made the basis of a claim of denial of due process. and a person cannot complain of a defect in an administrative hearing as a denial of constitutional rights as long as he obtains a full hearing before a court on the question in issue. The fact that the administrative agency is both the accuser and judge does not deprive accused of due process of law, especially where an appeal from the determination of the agency may be had to the courts." 16A CJS 862, § 628b (2). However, "All questions of judicial qualification may not involve constitutional validity. Thus matters of kinship, personal bias, state policy, remoteness of interest, would seem generally to be matters merely of legislative discretion." Tumey v. Ohio, 273 U. S. 510, 523 (47 SC 437, 71 LE 749, 50 ALR 1243). See *Jones v. State,* 219 Ga. 848 (136 SE2d 358).

Upon reviewing the rules of the State Bar of Georgia, we find that the intent therein was to afford the member complained against a hearing before an impartial tribunal at all stages of the proceedings; however, no provision for entering such challenge is provided at the probable cause hearing. See Rule 4-206 (219 Ga. 873). Therefore, petitioner does not have a complete and adequate remedy at law and may resort

to a court of equity to restrain a member from serving on such grievance tribunal when he is, as alleged, prejudiced against him in the cause.

The proof which counsel for the petitioner stated he would offer in support of the allegations of the petition at the hearing on the question of a temporary injunction would have been sufficient to authorize the trial judge in his discretion to issue the injunction. Accordingly, it was error to deny the injunction without the introduction of evidence.

*Judgment reversed. All the Justices concur, except Grice, J., who dissents.*

ARGUED NOVEMBER 14, 1967—DECIDED FEBRUARY 12, 1968.

*Bobby Lee Cook, Cook & Palmour, Hugh J. Martin,* for appellant.

*Warren Akin,* for appellees.

GRICE, Justice, dissenting. From the study I have made, I conclude that no basis for injunction exists because the appellant was not afforded an opportunity to challenge the impartiality of a member of the grievance tribunal at the probable cause hearing provided for by Rule 4-204 of the State Bar of Georgia (219 Ga. 873, 906). This rule requires that the grievance tribunal "shall cause a preliminary investigation to be made to determine if probable cause exists for the lodging of a formal complaint" and provides that at such hearing "The member complained against shall be afforded an opportunity to be heard with respect to the complaint, either in person or by affidavit."

The absence in these rules of the right to challenge, in that investigative stage, the partiality of a member of the grievance tribunal does not amount to an inadequate remedy at law.

This stage is similar in principle to that of a grand jury considering whether to return an indictment. In that situation there is no opportunity to challenge members of the grand jury upon the ground of partiality.

The opportunity to challenge for partiality is provided before trial. Rule 4-206 states that after service of the formal complaint, but before trial, a pre-trial meeting shall be held and that the grievance tribunal "shall pass upon all questions concerning the qualifications and impartiality of any member of the Tri-

bunal and the sufficiency of the complaint, subject to review by the State Disciplinary Board and to judicial review as hereinafter provided."

In my view the foregoing rule provides an adequate remedy at law and adequately protects the rights of the attorney, as well as those of the profession and of the public.

It should be added that the intent of these rules is that disciplinary action be taken insofar as practicable by the bar itself, that the proceedings be handled as expeditiously as possible and that there be no undue publicity as to those involved.

In my opinion the engrafting of a suit for injunction—which must be determined first—upon a disciplinary proceeding is not in line with that intent. It is an innovation in administrative law in that it amounts to investigating those whose duty it is to make the investigation. I have found no basis for it, either in the statutes, in court decisions, or in logic.

Instead of reversing, I would affirm the judgment.