25292. SAMS et al. v. OLAH.

ARGUED JULY 15, 1969—DECIDED SEPTEMBER 15, 1969—
REHEARING DENIED SEPTEMBER 29, 1969.

*Donald D. Smith, Charles L. Gowen, William G. Grant, Mallory C. Atkinson, Alexander Cocalis,* for appellants.

*Randall Evans, Jr., George G. Finch, Herman H. Buckner, Duard R. McDonald,* for appellee.

*Arthur K. Bolton, Attorney General, George D. Busbee, Claude Christopher, Paul Hanes, Robert E. Hicks, Carl E. Sanders,* for parties at interest not parties to record.

*William C. Turpin, Jr., Joseph B. Cumming, Charles J. Bloch, Robert B. Troutman, Albert J. Henderson, Sr., Henry L. Bowden, F. M. Bird, Howell Hollis, Robert M. Heard, Maurice C. Thomas, H. H. Perry, Jr., Hugh M. Dorsey, Jr., Will Ed Smith, Omer W. Franklin, David H. Gambrell, Frank C. Jones,* amicus curiae.

MOBLEY, Presiding Justice. This appeal is from an order denying a motion to dismiss an equitable complaint; declaring Ga. L. 1963, pp. 70-72, to be unconstitutional, null, and void; and granting an injunction.

Stephen J. Olah, an attorney licensed to practice law in Georgia, brought an action against disciplinary officials of the State Bar of Georgia and against the State Bar of Georgia. He alleged that they are proceeding against him without authority of law in a disciplinary matter because the law under which the State Bar of Georgia was created (Ga. L. 1963, pp. 70-72), and the rules of the State Bar (219 Ga. 878-917), violate the Constitution of Georgia and the Constitution of the United States, for stated reasons, and are contrary to certain laws of the State. He sought injunction against the prosecution of the disciplinary action against him and against other alleged illegal actions of the State Bar.

The order of the trial judge, entered after a hearing on the issues involved in the pleadings, held that (1) the complaint stated a claim for equitable relief because of the unconstitutionality of the statute, and because of the alleged illegal expenditure of funds by the State Bar to foster legislation and promote ideologies, political issues, and candidates which the complainant opposes. (2) Ga. L. 1963, pp. 70-72, is unconstitutional, null, and void on a number of grounds alleged in the complaint, examples of which are stated. (3) The defendants are restrained and enjoined from proceeding with the disciplinary action against the complainant under rules and regulations adopted pursuant to the 1963 Act.

1. The complaint made numerous constitutional attacks on the Act proposing the creation of the State Bar of Georgia (Ga. L. 1963, pp. 70-72). The trial judge's order holds that the Act is unconstitutional, null, and void "for a considerable number of grounds alleged" and only specifies a few of the grounds on which the Act is held unconstitutional. It is therefore necessary that we consider all constitutional attacks to determine if any of them are meritorious.

.A number of the grounds of attack were dealt with by this court in *Wallace v. Wallace*, 225 Ga. 102 (166 SE2d 718),

adversely to the contentions of the complainant (appellee) herein. These attacks are as follows: (1) The State Bar Act violates Art. I, Sec. I, Par. XXIII of the Constitution of Georgia (*Code Ann.* § 2-123), in that it delegates legislative power to the Supreme Court of Georgia and to the Georgia Bar Association. (2) The State Bar Act delegates to the Supreme Court of Georgia the right to create the State Bar of Georgia contrary to Art. VI, Sec. II, Par. IV of the Constitution of Georgia (*Code Ann.* § 2-3704), which provides that: "The Supreme Court shall have no original jurisdiction but shall be a court alone for the trial and correction of errors of law. . ." (3) The State Bar Act is a special law respecting the Supreme Court for which provision has already been made by general law, *Code* § 24-3901, enumerating the powers of the Supreme Court, and this violates the Constitution of Georgia, Art. I, Sec. IV, Par. I (*Code Ann.* § 2-401), prohibiting the passage of a special law in any case for which provision has been made by existing general law. (4) The State Bar Act deprives the appellee and other lawyers of their right to have their rights, duties, and obligations as lawyers defined by an Act of the General Assembly of Georgia, and not otherwise, contrary to Art. III, Sec. I, Par. I (*Code Ann.* § 2-1301) and Art. III, Sec. VII, Par. XX (*Code Ann.* § 2-1920) of the Constitution of Georgia. (5) The State Bar Act is unconstitutional because it creates a private corporation in violation of Art. III, Sec. VII, Par. XVII (*Code Ann.* § 2-1917) of the Georgia Constitution, which provides that the General Assembly shall have no power to grant corporate powers to private companies.

Two Justices dissented from the *Wallace* case on grounds other than the constitutional grounds, which would not be reached under their theory of the case, and one Justice did not participate because of illness. The appellee has argued these grounds of constitutional attack decided in the *Wallace* case, and asks that we overrule the *Wallace* case. After careful consideration of the *Wallace* case, we adhere to the rulings made therein.

2. It was asserted by the appellee that the State Bar Act violates the Constitution of Georgia, Art. III, Sec. VII, Par. XVI

*(Code Ann.* § 2-1916), which provides that no law or section of the Code shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending or repealing Act shall distinctly describe the law to be amended or repealed, and the alteration to be made, in that the State Bar Act purports to repeal all laws and parts of laws in conflict with it, but does not describe the law or laws to be repealed, or the alterations to be made.

The Act proposing the creation of the State Bar does not purport to amend any law or section of the Code. If the Act should have the effect of repealing any law or Code section by implication, it is a well settled principle that repeals by implication do not come within the provisions of Art. III, Sec. VII, Par. XVII of the Constitution. *Fortson v. Fortson,* 200 Ga. 116, 119 (35 SE2d 896) ; *Leonard v. State,* 204 Ga. 465 (1) (50 SE2d 212).

3. The trial court held that the State Bar Act violated the Constitution, Art. III, Sec. VII, Par. VIII *(Code Ann.* § 2-1908) in that it contained matter in the body of the Act different from that expressed in the title, in allowing the administrative arm of the court (the State Bar) "to control its own rules and prevent the Supreme Court from creating rules not presented it (1) by the Georgia Bar Association; and (2) thereafter, the State Bar. . ."

The title of the Act gives notice that the Act is "to authorize the Supreme Court of Georgia to establish, as an administrative arm of the court, a unified, self-governing bar . . ." and "to provide for the adoption of rules and regulations by the Supreme Court for the organization and government of the unified bar. . ." Further, it gives notice that the Act is "to provide the method of making application to the Supreme Court for the establishment of the 'State Bar of Georgia' and the method of establishing and amending rules and regulations governing the same; . . ."

The title of the Act stating that it provides a method of making application to the Supreme Court for establishment of the State Bar gives notice that application for creation of the State Bar may be made by some group, and that the Act will set out the conditions of the application. The statement in the caption

that the Act will provide "the method of establishing and amending rules and regulations governing the same," would be notice that the Act could contain the provision (in § 5) that the "rules and regulations may be amended only upon recommendations of the 'State Bar of Georgia' under such rules and proceedings as shall be prescribed by the Court."

The Act is not subject to the attack that it violates the constitutional prohibition against an Act containing matter different from that expressed in the title. See *Sheppard v. DeKalb County Board of Education*, 220 Ga. 219, 220 (1) (138 SE2d 271); *Nash v. National Preferred Life Ins. Co.*, 222 Ga. 14 (1) (148 SE2d 402).

4. While the appellee argues strongly that the Act proposing the creation of the State Bar was an improper delegation of a legislative function to the Supreme Court, he further contends that the Act improperly restricts the power given the court by providing that it might create a unified bar only on petition by the Georgia Bar Association, could initially adopt only those rules and regulations for the government of the unified bar which had been approved by the Georgia Bar Association, and upon the establishment of the State Bar could amend the rules and regulations only upon recommendations of the State Bar.

In *Wallace v. Wallace*, 225 Ga. 102, supra, it was held that the creation of a unified state bar is a judicial function. In proposing that the Supreme Court create a unified bar, the General Assembly did not have the authority to circumscribe the court by denying it the right to adopt rules and regulations on its own initiative. Since the court had the power to create the State Bar, it must necessarily also have the power to make rules for the government of this administrative arm of the court.

In *Georgia Bar Assn. v. Lawyers Title Ins. Corp.*, 222 Ga. 657, 659 (151 SE2d 718), this court stated that it concurred in the view expressed in cases from other jurisdictions that the judiciary could not be circumscribed or restricted in the performance of its duties related to its inherent power to regulate the practice of law. It is the duty of this court to reject legislative attempts to interfere with the exercise of its judicial powers. The provisions in the State Bar Act attempting to limit this

court in the exercise of its judicial function in creating the State Bar, and adopting and amending rules and regulations for its government, are void.

Where some portion of a legislative Act is unconstitutional and void, the whole legislative scheme is not rejected if the improper matter is not such an essential and inseparable part of the general legislative purpose that the entire Act must fall with it. *Leonard v. American Life & Annuity Co.*, 139 Ga. 274 (77 SE 41). These void provisions in the State Bar Act, attempting to limit this court in the exercise of its judicial functions, are not such an essential and inseparable part of the general legislative purpose as to render the whole Act unconstitutional.

5. The trial court held that the provision of the Act authorizing the assessment of a "reasonable license fee" against members of the State Bar is unconstitutional because it is either a tax or a gratuity, and violates the Constitution of Georgia, Art. VII, Sec. I, Pars. I and II (*Code Ann.* §§ 2-5401 and 2-5402); and Art. VII, Sec. II, Pars. I and III (*Code Ann.* §§ 2-5501 and 2-5503).

The Constitution, Art. VII, Sec. II, Par. III (*Code Ann.* § 2-5503) requires that: "All money collected from taxes, fees and assessments for State purposes, as authorized by revenue measures enacted by the General Assembly, shall be paid into the General Fund of the State Treasury. . ." Clearly the purport of the State Bar Act is to authorize the establishment of a regulatory body to regulate the practice of law, and the fee is plainly authorized for the purpose of defraying the expenses of operating the State Bar. It is not a fee authorized by a revenue measure, nor is it a gratuity.

This court in *Brown v. City of Atlanta*, 221 Ga. 121, 124 (143 SE2d 388), held: "The license fee required under the rules and regulations of the State Bar of Georgia is not a professional tax on attorneys levied by the State of Georgia in lieu of the professional tax levied by the Act of 1935 (Ga. L. 1935, p. 13). This license fee is paid to the State Bar of Georgia, and the funds received are disbursed under the direction of the Board of Governors of the State Bar of Georgia. No part of these

funds is ever paid into the treasury of the State of Georgia. A municipality is not precluded from levying a tax on attorneys because of the license fee paid to the State Bar of Georgia."

The trial court erred in holding that the fee is a tax or gratuity, and unconstitutional because violating the constitutional provisions recited.

6. The appellee contended in his complaint that the State Bar Act violates the impartial protection and due process clauses of the Georgia Constitution (Art. I, Sec. I, Pars. II and III; *Code Ann.* §§ 2-102 and 2-103), and the clause providing that it is the duty of the legislature to enact laws to protect citizens in the full enjoyment of their rights, privileges and immunities (Art. I, Sec. I, Par. XXV; *Code Ann.* § 2-125), because the Act defines the rights, duties, and obligations of lawyers, including the payment of a license fee, without specific enactment thereof by the General Assembly. It is further asserted that the Act violates the Georgia Constitution, Art. I, Sec. I, Par. IV (*Code Ann.* § 2-104), providing that no person shall be deprived of his right to defend his cause in any of the courts of this State, and Art. I, Sec. I, Par. V (*Code Ann.* § 2-105), guaranteeing rights in regard to trial, because lawyers are denied their right to have an accusation based on an affirmative statute of the State.

These attacks present essentially the same questions as those ruled on in *Wallace v. Wallace*, 225 Ga. 102, 112, supra, wherein it was held: "This holding also controls adversely to appellant as to his attacks asserting that the Act deprives him and others of full enjoyment of their rights, privileges and immunities as lawyers and deprives him of the right to have his rights, duties and obligations defined by the General Assembly. As discussed above, regulation of the practice of law is the function of the judiciary."

Accordingly, these constitutional attacks are without merit.

7. It was asserted by the appellee that the State Bar Act violates the First, Fifth, and Fourteenth Amendments of the United States Constitution (*Code* §§ 1-801, 1-805, and 1-814), and the due process and freedom of speech clauses of the Georgia Constitution (Art. I, Sec. I, Pars. III and XV; *Code Ann.* §§ 2-103 and 2-115), because it requires him to pay a fee against

his will when he is already fully authorized under the law to practice his profession; because it deprives him of freedom of contract, conscience, speech, and liberty, and deprives him of property without due process of law; because the Act and the rules of the State Bar were entered into without his control or consent and he will be deprived of his right to earn a living unless he obeys the rules and pays the dues required and remains a member of the organization; and because the State Bar takes his fee and spends it for the purposes it sees fit to promote ideologies, engage in political activities, and seek the passage of legislation, against his wishes, requiring his unwilling membership in a political organization.

The lawyer stands in a unique position in our society. He is by virtue of the practice of his profession an officer of the court. *Platen v. Byck*, 50 Ga. 245, 248; *Bibb County v. Hancock*, 211 Ga. 429, 438 (86 SE2d 511). In *Gordon v. Clinkscales*, 215 Ga. 843, 845, 846 (114 SE2d 15), this court quoted with approval from 7 CJS 708, Attorney and Client, § 4 b, as follows: "The right to practice law is not a natural or constitutional right, nor an absolute right or a right de jure, but is a privilege or franchise." It also quoted with approval from 7 CJS 706, Attorney and Client, § 4 a, as follows: "An attorney does not hold an office or public trust, in the constitutional or statutory sense of that term, but is an officer of the court. He is, however, in a sense an officer of the state, with an obligation to the courts and to the public no less significant than his obligation to his clients. The office of attorney is indispensable to the administration of justice and is intimate and peculiar in its relation to, and vital to the well-being of, the court."

Because of the vital role of the legal profession in the administration of justice, it was a proper exercise of State power, proposed by the legislative department, and activated by the judiciary, to create a State Bar for the purpose of "maintaining high standards of conduct in the legal profession and . . . aiding in the efficient administration of justice." Ga. L. 1963, pp. 70, 71, § 2. It has never been the law of this State that a lawyer holds an irrevocable license to practice law. There is no merit in the appellee's contention that he is denied his con-

stitutional rights by the State Bar Act because it requires him to pay a fee when he is fully authorized to practice his profession, or because he will be deprived of his right to earn a living unless he obeys the rules and remains a member of the State Bar.

The State Bar Act does not deprive the appellee of his freedom of contract, conscience, speech, and liberty, or deprive him of his property without due process of law. It is true that he is required to contribute to the cost of the operation of the State Bar, and he may not agree with all of the policies as determined by its Board of Governors. The Board of Governors is selected in a democratic manner. It is frequently true in a democratic society that the wishes of the minority are overruled, even though they must contribute to the cost of the programs carried forward by the majority. The individual lawyer in Georgia is left entirely free in his contracts with his clients, and he has complete freedom of conscience in the causes which he espouses. The only area in which he may be restrained by the State Bar is in his professional conduct, and this is a legitimate exercise of restraint over the freedom of the individual.

The State Bar Act does not authorize the organization to engage in political activities. Section 2 of the Act authorizes the Supreme Court to adopt rules and regulations and to "define the rights, duties and obligations of the members therein including the payment of a reasonable license fee and otherwise regulate and govern the practice of law in this State, to the end that such unified State Bar shall promote the best interest of the public by maintaining high standards of conduct in the legal profession and by aiding in the efficient administration of justice." The Act does not authorize the license fees to be used for any activity except those in harmony with the stated purposes of the Act.

The State Bar Act, and the rules and regulations adopted to govern the State Bar, are not subject to the constitutional attacks stated in this division.

8. The appellee contended that the State Bar Act, and the rules and regulations of the State Bar, are contrary to the Act which is sometimes called the "Right to Work" Act. Ga. L. 1947, pp. 616-621 (*Code Ann.* §§ 54-801—54-909). This latter

Act deals with relationships between "employers," "employees," and "labor organizations." The State Bar of Georgia is not a labor organization, the lawyer is not an employee, nor is the client an employer, within the meaning of the Act. "The engagement of counsel does not create the relation of master and servant. . . The employment carries with it duties and obligations apart from serving the client. He represents the client. . . . The attorney not only serves his client, but the court also, and through the court he serves in a measure the public." *Claxton v. Johnson County,* 194 Ga. 43, 48 (20 SE2d 606).

The purposes of the State Bar are: "(a) To foster among the members of the Bar of this State the principles of duty and service to the public; (b) To improve the administration of justice; and (c) To advance the science of law." Rule 1-103, 219 Ga. 879.

There is no merit in the contention that the State Bar Act violates the "Right to Work" law.

9. The appellee alleged that the State Bar Act does not authorize disciplinary proceedings, and that Rules 4-101 through 4-218 (219 Ga. 901-914) were adopted by this court without authority of law. The Act provides in § 2 for the adoption of rules and regulations "for the organization and government of the unified State Bar and to define the rights, duties and obligations of the members therein . . . and otherwise regulate and govern the practice of law in this State, to the end that such unified State Bar shall promote the best interests of the public by maintaining high standards of conduct in the legal profession and by aiding in the efficient administration of justice." Section 3 provides that "before a final order of any nature or any judgment of disbarment is entered, the lawyer involved may elect to have any material issues of fact determined by a jury in the superior court of the county of his residence."

There is no merit in the contention that the Act does not authorize the adoption of disciplinary rules and regulations.

10. The purpose of the State Bar Act was to initiate the creation of the State Bar of Georgia. It eliminated any conflicting claims of coordinate branches of government to such

power. Its adoption encouraged the court to exercise its inherent power in this regard. In response thereto, but in the exercise of an inherent judicial function, the Supreme Court acted and the State Bar of Georgia was created. Although the Act was not essential for such action, it is a valid legislative enactment and not subject to the constitutional and other attacks made. The trial judge erred in holding the Act void, and the rules and regulations a nullity, and in restraining and enjoining the defendants from proceeding with the disciplinary action against the appellee.

11. We now consider the ruling by the trial judge that the complaint stated a claim for equitable relief, which will require a trial of the issues, because of the "alleged illegal expenditure of funds collected from him and others similarly situated."

The appellee alleged that the State Bar is spending the dues collected from him and other lawyers "in illegal manners and against the wishes" of the appellee and others similarly situated, in specified ways. These allegations do not involve any question of the validity of the State Bar Act, but make the separate issue of an alleged illegal expenditure of funds by the State Bar.

The lawyer is required to pay an annual license fee to the State Bar in order to practice his profession. Should the State Bar spend the funds derived from license fees on activities not in harmony with the purposes of the State Bar, this would deprive the lawyer of his property without due process of law.

Some of the allegations of illegal expenditures are obviously without merit. For example, the appellee complained that the State Bar illegally used its funds by "hiring and paying a lawyer to draw charges against this petitioner with funds collected from this petitioner, which is against his desires and wishes." The test is not whether the funds are being spent contrary to the wishes of the lawyer, but whether the expenditures are for purposes for which the State Bar was created. The maintenance of high standards of professional conduct by members of the bar is one of the most important functions of the State Bar, and the dues of its members can certainly be legally used for this purpose, whether or not it is the wish of an individual member that his professional conduct be investigated. In *International*

*Assn. of Machinists v. Street,* 217 Ga. 351 (122 SE2d 220), this court held that a labor union might be enjoined from using its funds for political purposes against the wish of an individual member, but this ruling was based on the fact that this was a use of funds for purposes other than collective bargaining, the legitimate purpose of the union, and not merely that it was against the wish of the member.

The trial judge based his ruling that the complaint stated a claim as to alleged illegal expenditures on the alleged use of funds "to foster legislation and promote ideologies and political issues and candidates he opposes in violation of named clauses and sections of the State and Federal Constitutions." The promotion of political issues and candidates is not within the purposes of the State Bar as expressed in the Act and the rules and regulations. The fostering of legislation and the promotion of ideologies may, or may not, be consonant with the purposes of the State Bar, according to the nature of the legislation and the ideologies.

The State Bar of Georgia is a legal entity, which may sue or be sued. Rule 1-102, 219 Ga. 878. A court of equity has jurisdiction to grant an injunction to a member of the State Bar denied a constitutional right by it. *Clary v. Mathews,* 224 Ga. 82 (160 SE2d 338). A motion to dismiss for failure to state a claim "should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Bourn v. Herring,* 225 Ga. 67 (3) (166 SE2d 89).

We affirm the ruling of the trial judge that the complaint stated a claim on which relief could be granted, because of the alleged illegal expenditure of funds, and the appellee is entitled to support this contention with evidence.

*Judgment affirmed in part; reversed in part. All the Justices concur. Felton, J., concurs specially.*

FELTON, Justice, concurring specially. 1. It has been impossible for me to give as full consideration to this case as I do in ordinary circumstances. I have done the best I could under the existing situation. I first concurred in the opinion and judgment. On motion for rehearing in the limited time that I have,

I wish to change my concurrence to a special one because at this moment I cannot agree with all that is said in the opinion and think that possibly more should have been said on some of the questions ruled on.

I belatedly discovered that the trial judge in his judgment stated: "Whether or not he may be disciplined, suspended, or disbarred . . . by some rule authorized by the Supreme Court under its inherent power as stated in *Wallace v. Wallace*, 225 Ga. 102 (166 SE2d 718) . . . is not here decided or passed on." It is contended by appellee that this court has no jurisdiction to pass on a question not ruled on by the trial court. I also think that the contention is without merit for the reason that the trial judge could not escape the fact that he was bound by the decision in the *Wallace* case by refusing to pass on the question of this court's inherent power, and for the reason that the legal consequence of the trial court's judgment is that this court does *not* have the prerequisite inherent power, because if this is not true he could not issue a legal and binding injunction, which necessarily meant that this court does not have that power. In this case, this court does have jurisdiction to do what it has done under the peculiar circumstances existing.

2. Even if this court stated that it was acting under legislative authority claimed to be unconstitutional, where a decision of this court holds that this court has inherent power to do the acts complained of, the authority of this court to so act renders moot the constitutionality of the legislative action purportedly acted on. This court has never said that it did not act on the basis of inherent power and if it could, and did, what it did is binding. Inherent power is the life of this issue and nothing that has happened has snuffed out that life and, indeed, nothing can except a new constitution. That also disposes of the provision in the Act or rules which provides that no change in the rules, or addition of new ones could be effected unless the State Bar instituted the action. This court had the inherent power to make such a rule, no matter how unwise some might think it to be. The court, in this field of operation, could experiment with such a rule. It *could* work, but if experience shows it to be wrong or unwise, the court can always change a rule if it is

shown to be unwise or likely to do some harm to any person. My point is that it is not unconstitutional.