ATLANTA TITLE & TRUST CO. *v.* BOYKIN, solicitor-general.

No. 7801.   FEBRUARY 28, 1931.

440

*Tye, Thomson & Tye, Harold Hirsch, Marion Smith,* and *M. E. ·Kilpatrick,* for plaintiff in error.

*John A. Boykin, solicitor-general, William G. Grant, Bond Almand, Stephens Mitchell, Elbert P. Tuttle, Madison Richardson,* and *Henry A. Beaman,* contra.

*W. A. Slaton, Ellis, Webb & Ellis,* and *H. F. Lawson,* for persons at interest, not parties of record.

ATKINSON, J. In this case the question raised is, can a private corporation organized under the laws of this State and exercising as a business the general powers of a trust company and examining, certifying, and guaranteeing titles to real estate, under authority conferred by its charter, be prohibited from procuring an amendment to its charter that would confer authority "to prepare any and all papers in connection with conveyance of real and/or personal property that it may be requested to prepare by a customer," on the ground that the exercise of the powers specified in the proposed amendment would constitute the practice of law in this State, and that such power to practice law can not be granted to a corporation? A proper solution of the question depends upon the statutes of this State. It is declared in the Civil Code, § 4930: "The following persons, if not specially declared ineligible, are entitled to practice law in the courts of this State: 1. Those who have been regularly licensed under laws of the State before the adoption of this code. 2. Those who are hereafter licensed in the manner prescribed by law." And in § 4931: "Those who are admitted to practice in the superior courts may practice in any other court of this State, except the Supreme Court, for which another and special license must be obtained." These sections have appeared in exact language in each of the preceding codes. It will be perceived that persons not specially declared to be ineligible *are entitled to practice law in the courts of this State.* The words "to practice law in the courts," or their equivalent, have from the earliest times been employed in the statutes of this State relatively to authority of persons to practice law. We find in 19 Colonial Records of Georgia, part 2, p. 284 (1774-1805, Act Jan. 20, 1784): "Whereas by the fifty-eighth clause in the constitution of this State it is ordained that no person shall be allowed to plead in the courts of law in this State, except those who are authorized so to do by the House of Assembly: . . Be it enacted, . . . any person being desirous to plead and practice in the several courts within this State shall in the first instance make application to the Chief Justice, who is hereby authorized and required to receive such testimony, and make such examination. . . [The Chief Justice then to send to Speaker of Assembly a certificate as to applicant's qualifications for deliberation by the House]. Provided also that nothing contained in this Act shall extend to John Skey Eustance,

Oliver Lewis, and Abraham Baldwin, who have petitioned this House, previous to the passage of this act, to plead in the courts of law in this State." The act of Dec. 23, 1789 (Watkins Dig. 406), declared "that no person shall be allowed to practice or plead in any of the superior or inferior courts, until," etc. The act of January 7, 1795 (Watkins Dig. p. 566), used the expression "practice in all the courts of law and equity in this State." Similar expressions were used in the acts of December 8, 1806, of December 20, 1823, of December 19, 1829, and of December 22, 1847, cited in Cobb's Digest, 89, 90, 92. This brings the history of the law on this subject up to the first Code hereinbefore mentioned.

It is declared in the Civil Code, § 4932: "Any male citizen, of good moral character, who has read law and undergone a satisfactory examination as hereinafter prescribed, is entitled to plead and practice law in this State." And by act of 1916, amending that section: "Female citizens shall be admitted to the practice of law in this State upon the same terms and qualifications as now apply to male citizens." And by § 4933: "Aliens who have been two years resident in the State . . are eligible to admission as attorneys at law." And by § 4941: "All male persons who have successfully passed the [bar] examination . . may be duly licensed to practice law in this State." And by § 4942: "No person shall be admitted to the practice of law in this State excepting under the examination herein provided for, . . nor shall it apply to those who have been admitted to the practice of law in other States which by comity admit to practice the duly licensed lawyers of this State." And by § 4946: "Attorneys at law residing in other States of the Union, having license to practice law in a circuit court therein when by law the attorneys of this State are permitted to practice law, may practice in the superior courts of this State. . . By producing before him a certificate . . stating that the applicant . . has been legally admitted to practice law in such circuit, and that by the laws of such State the attorneys of this State are allowed to practice law therein." And by § 4947: "On reading such petition and certificate, such judge shall grant an order that the applicant be admitted to practice law in this State, . . which, when done, is a sufficient license." And by § 4948: "Such attorneys at law of any State are not thus permitted to practice law herein, unless those of this State are

likewise permitted to practice law in their courts." And by §
4949: "Those attorneys at law of other States, who become resi-
dents of this State, and do not come under the provisions of the
preceding section, by producing to the court satisfactory evidence
that they were attorneys at law, in good standing, in a court of
similar jurisdiction . . may be immediately admitted to plead
and practice law in this State." And by the Penal Code (1910), §
476: "It shall be unlawful for any person in this State to practice
the profession of law . . upon which a special tax is levied, and
charge for the same, without paying said special tax . . and such
person as thereafter engages in the practice of such profession . .
shall be guilty of a misdemeanor."

It is apparent that the restriction refers to the practice of law in
the courts. Male citizens are entitled to plead and practice, female
citizens are admitted to practice, aliens are eligible to admission
as attorneys, attorneys of other States are admitted to practice law
when they have been admitted to the practice of law in their home
State when that home State admits to practice our lawyers duly
licensed in this State. In the light of the history of the legislation
on the subject, the restrictions upon the right to practice law refer
to practice in the courts, and do not prohibit a private corporation
organized under the laws of this State and exercising as a busi-
ness the general powers of a trust company and examining, certi-
fying, and guaranteeing titles to real estate under authority con-
ferred by its charter from exercising a further charter power "to
prepare any and all papers in connection with conveyance of real
and/or personal property that it may be requested to prepare by a
customer," as specified in the proposed amendment to defendant's
charter. In the clear and admirably stated opinion by Mr. Justice
Lee in re Eastern Idaho Loan & Trust Co., 49 Idaho, 280 (288
Pac. 157), a different conclusion was reached, based on the statutes
of Idaho, the history and effect of which so far differed from the
Georgia statutes as to lead to the different result. The trial judge
erred in overruling the demurrer and granting the injunction.

*Judgment reversed. All the Justices concur (Gilbert, J., spe-
cially), except Russell, C. J., who dissents.*

HINES, J., concurs in the result.