## 29606. HUBER v. THE STATE.

INGRAM, Justice.

Defendant appeals his conviction, and sentence to pay a fine of $500, under an accusation in the Superior Court of Clayton County for the offense of the unlawful practice of law without a license.

It is clear from the transcript of evidence that defendant is not a duly licensed member of the State Bar of Georgia but is engaged in activities which both the legal profession and public generally recognize as constituting the practice of law. It is not necessary in this case for us to consider an exhaustive definition of the

practice of law from the use of that term historically in the decisional and statute law of our state.

It is sufficient here to note that this accusation alleges, and the evidence proves, the defendant is not a duly licensed attorney at law and that he appeared as an attorney at law on behalf of another person before a Justice of the Peace Court in Clayton County on a certain date in 1973.

Appearances before the several courts of this state in judicial proceedings on behalf of litigants have always been restricted to duly qualified and licensed lawyers. In spite of the divisive struggles this court has endured through the years in trying to decide which activities are included within the broad ambit of the term, "practice of law," this court has always recognized that a court appearance lies at the very heart of every reasonable and commonly accepted definition of the practice of law as it has been and is now carried on by the legal profession in Georgia.

The only substantial disagreement which has divided this court in stating an all-inclusive definition of the practice of law has been in dealing with activities other than the conduct of cases in court. In 1931, this court said: "[W]e are of the opinion that the practice of law . . . [is] not confined to practice in the courts of this State, but [is] of larger scope, including the preparation of pleadings and other papers incident to any action or special proceeding in any court or other judicial body, conveyancing, the preparation of all legal instruments of all kinds whereby a legal right is secured, the rendering of opinions as to the validity or invalidity of the title to real or personal property, the giving of any legal advice, and any action taken for others in any matter connected with the law." *Boykin v. Hopkins,* 174 Ga. 511, 519 (162 SE 796). Several other cases where this court has dealt with some facet of the "practice of law" are *Georgia Bar Assn. v. Lawyers Title Ins. Corp.,* 222 Ga. 657 (151 SE2d 718); *Gordon v. Clinkscales,* 215 Ga. 843 (114 SE2d 15); *Gazan v. Heery,* 183 Ga. 30 (187 SE 371); and, *Atlanta Title & Trust Co. v. Boykin,* 172 Ga. 437 (157 SE 455). Compare the above with the present statutory definition of the practice of law found in Ga. L. 1931, p. 191, as amended by

Ga. L. 1937, p. 753 (Code Ann. § 9-401).

We are satisfied that defendant has engaged in the practice of law from a review of the record and transcript. The problem is not whether the defendant was practicing law, but rather, whether the defendant is guilty of a crime because he did so.

The accusation is based upon a violation of Ga. L. 1931, p. 191 (Code Ann. §§ 9-402 and 9-9903) which prohibits the practice of law without a license and makes the unlicensed practice of law a misdemeanor punishable by a fine not to exceed $500. Code Ann. § 9-9903 was amended by Act No. 501 (House Bill No. 10), approved by the Governor April 18, 1975, to increase the punishment previously provided for violations of the statute but this amendment is not applicable in this case. This amended legislation is the statutory provision of our law which makes the unlawful practice of law without a license a crime. The original statute predates by many years the action taken by the General Assembly in 1963 proposing the creation of the State Bar of Georgia (Ga. L. 1963, pp. 70-72); the order of this court entered December 6, 1963, creating and organizing the State Bar of Georgia (219 Ga. 873); and, the cases of *Wallace v. Wallace,* 225 Ga. 102 (166 SE2d 718), and *Sams v. Olah,* 225 Ga. 497 (169 SE2d 790), decided by this court in 1969. In these two cases, this court unconditionally asserted its inherent power to govern the practice of law in this state. See, also, "Regulation of the Legal Profession—Judicial or Legislative?" by Justice Gunter, Georgia State Bar Journal, Vol. 10, May, 1974, No. 4.

Subsequent to the *Wallace* and *Olah* decisions, on petition of the State Bar of Georgia, this court adopted, on December 17, 1974, Rule 2-101 governing admissions to the Bar. That rule provides that, "No person may be admitted to the Bar or licensed as an attorney to practice law in this State without examination. There shall be no admission to the Bar of Georgia by comity." We see that the creation and regulation of the State Bar of Georgia, through the decisions and orders of this court, now constitute the exclusive means of governing the practice of law in Georgia.

The final question thus posed is whether the 1931

statute, as amended, has been superseded or whether it remains a valid law of our state dealing with the practice of law. It is important to remember that in the "State Bar" cases, this court recognized and preserved the constitutional authority of the General Assembly to protect the public interest in aid of the judiciary by legislation which does not supersede or detract from the power of the courts. See *Wallace v. Wallace,* supra, at p. 109.

Obviously, the legislature, and not the court, has the power to enact the criminal statutes of our state. The legislature was not exercising judicial power when it declared certain conduct relating to the practice of law a crime. Therefore, even though the 1931 statute, as amended, no longer controls the practice of law in Georgia, it continues to be a valid and subsisting statute imposing criminal sanctions for the unauthorized practice of law described in the statute. This construction of the statute will not encroach upon the inherent power of this court, in the exercise of its constitutional function, to regulate the practice of law in Georgia. Therefore, we construe this statute as valid legislation enacted by the General Assembly to protect the public interest in aid of the judiciary's constitutional function. *Wallace,* supra, at p. 109. See, also, 16 CJS, Constitutional Law, pp. 543-545, § 129.

The other alleged trial errors, properly raised by appellant, either have been abandoned under Rule 18 C (2) or decided adversely to him in earlier decisions of this court noted in this opinion. The judgment of the trial court will be affirmed.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

Submitted January 17, 1975 — Decided April 22, 1975 — Rehearing denied May 13, 1975.

*Weiner & Bazemore, Paul S. Weiner,* for appellant.
*William H. Ison, District Attorney, James W. Bradley, Assistant District Attorney,* for appellee.
*Arthur K. Bolton, Attorney General, Harold D.*

*Corlew, Deputy Assistant Attorney General, Robert H. Davis, Jr., James E. Spence, Jr.,* amicus curiae.
*Omer W. Franklin, Jr.* for State Bar.