Joseph J. ATTWELL

v.

**Honorable H. E. NICHOLS, Chief Justice of the Supreme Court of Georgia, et al.**

**No. C78–1612A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Feb. 13, 1979.

Joseph J. Attwell, pro se.

Michael J. Bowers, Asst. Atty. Gen., State of Ga., Atlanta, Ga., for all defendants except Richard Bell.

A. Paul Cadenhead and E. Clayton Scofield, III, Hurt, Richardson, Garner, Todd & Cadenhead, Atlanta, Ga., for Richard Bell and State Bar of Georgia.

## ORDER OF COURT

MOYE, District Judge.

This action has been brought by the plaintiff pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution against the Chief Justice of the Supreme Court of Georgia, the Supreme Court of Georgia, the Director of Bar Admissions of the State Board of Bar

Examiners, the State Board of Bar Examiners, the Executive Director of the State Bar of Georgia, and the State Bar of Georgia.

■■ The complaint alleges that plaintiff has been deprived of his constitutional rights by virtue of the fact that the Supreme Court of Georgia requires that he take and pass an examination prior to admission to the practice of law in Georgia. Plaintiff alleges that he has been admitted to the bars of other states, and is fully competent and fit to practice law in the state of Georgia. He contends that he is entitled to be admitted to the practice of law without taking the examination required by the Rules and Regulations for Organization and Government of the State Bar of Georgia. The rules were promulgated by the Supreme Court of Georgia in 1975. Rule 2–101 provides as follows:

> No person may be admitted to the bar or licensed as an attorney to practice law in this State without examination. There shall be no admission to the Bar of Georgia by comity.

238 Ga. 739, 746 (Ga. Code Ann. title 9 Appen.). The plaintiff contends that rule 2–101 is in conflict with a statute of the state of Georgia which previously authorized admission to the practice of law in Georgia without examination if the applicant was licensed as an attorney in another state which permitted admission of members of the Georgia bar by comity. Ga. Code Ann. §§ 9–201, 202. He contends that the refusal of the Supreme Court of Georgia to admit him to practice has unconstitutionally deprived him of the right to practice law. The matter is presently before the Court on motions by the defendants to dismiss the action for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

The plaintiff has stated no claim under the equal protection clause. Even using the most liberal rules of notice pleading, the plaintiff's complaint must fail. He has done no more than merely allege that the challenged rule violates his right to equal protection. Moreover, rule 2–101 clearly applies to all persons who seek admission to the State Bar of Georgia. This is not a case where the plaintiff has alleged some disparity of treatment based upon status, such as graduation from an in-state school of law, *Shenfield v. Prather*, 387 F.Supp. 676 (N.D. Miss.1974), nor is this a case challenging the constitutionality of a reciprocity statute. *See Hawkins v. Moss*, 503 F.2d 1171 (4th Cir. 1974); *Goldsmith v. Pringle*, 399 F.Supp. 620 (D.Colo.1975). Indeed, plaintiff is seeking the benefit of a reciprocity statute formerly in force in Georgia. A careful consideration of the authorities concerning a state's power to require a knowledge of its law before permitting an individual to practice law in its courts, *e. g., Schware v. Board of Bar Examiners*, 353 U.S. 232, 239, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957) clearly shows that rule 2–101 does not deny equal protection to the plaintiff or to any other individual. No allegation is made that certain individuals are admitted to the State Bar of Georgia without examination, or that the rule is otherwise unconstitutional as applied.

■ Similarly, the plaintiff has stated no claim based upon the argument that the Supreme Court has encroached upon a legislative function by adopting rule 2–101 in the face of Ga. Code Ann. §§ 9–201, 202. In *Sweezy v. New Hampshire*, 354 U.S. 234, 77 S.Ct. 1203, 1 L.Ed.2d 1311 (1954), the United States Supreme Court held that the principle of separation of powers embodied in the United States Constitution did not apply to state governments. In reliance upon the *Sweezy* holding, the Tenth Circuit Court of Appeals, in a case quite similar to this, held that violations of the separation of powers principle embodied in state constitution do not violate the United States Constitution. *May v. Supreme Court of State of Colorado*, 508 F.2d 136, 139 (10 Cir. 1974), *cert. denied*, 422 U.S. 1008, 95 S.Ct. 2631, 45 L.Ed.2d 671 (1975). Therefore, even if such an allegation were made, it would not raise a federal question subject to this Court's jurisdiction. In *Cantor v. Supreme Court of Pennsylvania*, 353 F.Supp. 1307 (E.D.Pa.1973), *aff'd*, 487 F.2d 1394 (3d Cir. 1973), a challenge to the bar

disciplinary rules of the Supreme Court of Pennsylvania was dismissed as being nonjusticiable in that regardless of whether a state constitution required a state legislature, rather than a state supreme court, to regulate attorneys, the state separation of powers problem would not be a justiciable issue for a federal court.

The plaintiff's final argument must also fail. The plaintiff contends that his right to practice law in Georgia has been taken away without regard to due process. However, the burden is upon the plaintiff to show that he has a right to practice law in this state. The right must be either a liberty or property right. See, *Board of Regents v. Roth*, 408 U.S. 564, 570–571, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

■ Certainly, the plaintiff has no inherent property or liberty right to practice law in Georgia. In fact, the right to practice law is qualified such that a state can require high standards of qualification, such as a demonstration of proficiency in its law, before it admits an applicant to its bar. The Constitution only proscribes such qualification as have no rational connection with an applicant's fitness or capacity to practice law. *Schware v. Board of Bar Examiners, supra* at 239, 77 S.Ct. at 756 (1957). Clearly, a state has a substantial and constitutionally permissible interest in selecting its own bar. *In re Griffiths*, 413 U.S. 717, 723, 93 S.Ct. 2851, 37 L.Ed.2d 873 (1973).

■■ As to a property right to practice law in the state of Georgia without examination, the plaintiff appears to rely upon Ga. Code Ann. §§ 9–201 and 9–202. For the plaintiff's claim to be viable, these code sections must presently be in effect. However, this is not the case. Upon the Georgia Supreme Court's promulgation of its challenged rule 2–101, on December 17, 1974, the aforementioned code sections were rendered null and void. The power of the Supreme Court of Georgia to provide for the organization and Government of the State Bar of Georgia is well established. Such power flows from the inherent powers of the Supreme Court of Georgia as the highest court of this state. That this power

over the State Bar is judicial rather than legislative in Georgia cannot be denied. *Wallace v. Wallace*, 225 Ga. 102, 109, 166 S.E.2d 718 (1969), *cert. denied*, 396 U.S. 939, 90 S.Ct. 369, 24 L.Ed.2d 240 (1969). In fact, in *Sams v. Olah*, 225 Ga. 497, 169 S.E.2d 790 (1969) cert. denied, 397 U.S. 914, 90 S.Ct. 916, 25 L.Ed.2d 94 (1970), the Supreme Court of Georgia stated as follows:

> In proposing that the Supreme Court create a unified bar, the General Assembly did not have the authority to circumscribe the court by denying it the right to adopt rules and regulations on its own initiative. Since the court had the power to create the State Bar, it must necessarily also have the power to make rules for government of this administrative arm of the court. *Id.* at 501, 169 S.E.2d at 796.

As to the precise question presented in this case concerning the impact of rule 2–101, the Supreme Court held in *Huber v. State*, 234 Ga. 357, 359–60, 216 S.E.2d 73 (1976), that the constitutional authority of the General Assembly with respect to the State Bar is solely to aid the judiciary by legislation which does not supersede or detract from the powers of the courts. Further, the Supreme Court has stated that by virtue of the holdings in *Wallace v. Wallace, supra*, and in *Sams v. Olah, supra*, it has unconditionally asserted its inherent power to govern the practice of law in this state. *Huber v. State, supra* 234 Ga. at 359, 216 S.E.2d 73.

■ On the basis of the foregoing, it cannot be gainsaid that Ga. Code §§ 9–201 and 9–202 are no longer in effect in this state. Further, it cannot be denied that the challenged rule 2–101 is a permissible exercise by the Supreme Court of Georgia of its authority over the practice of law in the state of Georgia.

■ Moreover, because the plaintiff has failed to show a protectable liberty interest arising under the United States Constitution or a property interest arising under the laws of the state of Georgia to be admitted to the State Bar of Georgia without examination, his due process claim is without merit.

For the reasons stated above, the Court finds that the plaintiff's complaint fails to state any federal claim upon which relief can be granted. Accordingly, the motions to dismiss are hereby GRANTED. The complaint is DISMISSED.