**Joseph J. ATTWELL, Plaintiff-Appellant,**

v.

**Honorable H. E. NICHOLS, Chief Justice of the Supreme Court of Georgia, et al., Defendants-Appellees.**

No. 79–1721
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 1979.

Rehearing and Rehearing En Banc
Denied Feb. 13, 1980.

---

* Fed.R.App.P. 34(a); 5th Cir.R. 18.

Joseph J. Attwell, Atlanta, Ga., pro se.

Michael J. Bowers, Asst. Atty. Gen., Atlanta, Ga., for all defendants-appellees except Bell and the State Bar.

Hurt, Richardson, Garner, Todd & Cadenhead, E. Clayton Scofield, III, Atlanta, Ga., for Richard Bell and the State Bar of Ga.

Before GEE, HENDERSON and HATCHETT, Circuit Judges.

PER CURIAM:

Appellant alleges that he has been deprived of constitutionally guaranteed rights because the Supreme Court of Georgia requires that he take and pass an examination

prior to being allowed to practice law in Georgia. The action is brought pursuant to 28 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution, against the Chief Justice of the Supreme Court of Georgia, the Supreme Court of Georgia, the Director of Bar Admissions of the State Board of Bar Examiners, the State Board of Examiners, the Executive Director of the State Bar of Georgia, and the State Bar of Georgia. The district court granted all appellees' motions to dismiss for failure to state a claim upon which relief could be granted. We affirm.

At the time of this law suit appellant was a member in good standing of the bars of Illinois and Wisconsin. He alleges that he is an experienced attorney of 43 years, fully qualified to practice law in Georgia. Because of these qualifications, he alleges that he must be admitted to practice in Georgia without taking the bar examination required by Georgia Supreme Court Rule 2–101 (hereinafter Rule 2–101). That rule provides: "There shall be no admission to the Bar of Georgia by comity." He also contends that this rule is void because it conflicts with Ga.Code §§ 9–201, 202, which permits admission to the Georgia bar by comity. His constitutional claims include violations of due process, equal protection, separation of powers, and right to travel unrestricted.

 The overriding issue is whether the district court erred in dismissing the action under Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim. A complaint should not be dismissed on this ground unless it appears to a certainty that the plaintiff would not be entitled to recover under any statement of facts which could be proved in support of his claim. *See Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Hitt v. City of Pasadena,* 561 F.2d 606 (5th Cir. 1977). We now examine each claim.

## I. *SEPARATION OF POWERS*

Appellant argues that Rule 2–101 violates the separation of powers principle embodied in the United States Constitution. Because of the existence of the 1969 statutes which provide for bar admission without examination, he contends that the Georgia Supreme Court violated this principle. He asserts that promulgation of the rule amounted to a legislative act because it had the effect of repealing the statutes.

 This contention presents no federal question. The principle of separation of powers is not enforceable against the states as a matter of federal constitutional law. *Sweezy v. New Hampshire,* 354 U.S. 234, 77 S.Ct. 1203, 1 L.Ed.2d 1311 (1957); *Dreyer v. Illinois,* 187 U.S. 71, 23 S.Ct. 28, 47 L.Ed. 79 (1902). Appellant clearly failed to state a cause of action upon which relief could be granted pursuant to the principle of separation of powers.

## II. *DUE PROCESS*

 Appellant contends that Rule 2–101 constitutes a denial of due process of law. To succeed on this claim, appellant must first establish that he has a liberty or property right to practice law in Georgia without examination. *See Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). It seems clear that there is no constitutional guarantee of the right to practice law without examination. The Constitution proscribes only those qualifications or requirements which have no rational connection with an applicant's fitness or capacity to practice law. *Schware v. Board of Bar Examiners,* 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957).

 Appellant relies on Ga.Code §§ 9–201 and 9–202 as giving him the right to practice law in Georgia without examination. These statutes were rendered inoperative on December 17, 1974, however, by the promulgation of Rule 2–101. The Supreme Court of Georgia held that it has the ultimate power to provide for the organization and government of its state bar. *Wallace v. Wallace,* 225 Ga. 102, 166 S.E.2d 718 (1969), *cert. denied,* 396 U.S. 939, 90 S.Ct. 369, 24 L.Ed.2d 240. *See also Huber v. State,* 234 Ga. 357, 216 S.E.2d 73, 75 (1976), where it was stated that "the creation and regulation of the State Bar of Georgia,

through the decisions and orders of this court now constitute the exclusive means of governing the practice of law in Georgia." The district court was correct in holding that no justiciable claim of violation of due process was presented.

### III. *EQUAL PROTECTION*

■ Appellant argues that Rule 2–101 denies him equal protection of the law. By its terms, however, the rule makes no exception to its requirement that all applicants take and pass the examination as a prerequisite to admission to the Georgia bar. Appellant has not alleged that an exception has been made for anyone else. No allegation was made at the trial level that certain individuals are admitted to the State Bar of Georgia without examination or that the rule is otherwise unconstitutional as applied. Appellant's naked assertion of denial of equal protection does not automatically confer jurisdiction in the federal courts. Compare *Tyler v. Vickery*, 517 F.2d 1089 (5th Cir. 1975).

### IV. *RIGHT TO TRAVEL; INTERSTATE COMMERCE*

■ Appellant asserts for the first time on appeal that Rule 2–101 unconstitutionally burdens interstate commerce and restricts his right to travel. Appellant never advanced such a claim below. We will not decide the merits of this contention because it was not presented to the district court. *Elrod v. United States*, 503 F.2d 959 (5th Cir. 1974); *Wolf v. Frank*, 477 F.2d 467 (5th Cir. 1973).

Since appellant failed to allege facts sufficient to state a claim as required by Rule 12(b)(6), Fed.R.Civ.P., dismissal of the complaint was proper.

Accordingly, the judgment of the trial court is AFFIRMED.