**G. DAVIDSON, a/k/a John Doe,
Plaintiff-Appellant,**

v.

**STATE OF GEORGIA et al.,
Defendants-Appellees.**

No. 79–3982
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 1, 1980.

G. Davidson, pro se.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

John E. Bumgartner, Don A. Langham, First. Asst. Atty. Gen., H. Perry Michael, Sr. Asst. Atty. Gen., Kathryn L. Allen, Asst. Atty. Gen., Atlanta, Ga., for defendants-appellees.

Before RONEY, VANCE and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Plaintiff, an unsuccessful applicant for the Georgia Bar, brought this action against the State of Georgia and various state departments and officials. In his complaint he alleged the Georgia Bar Examination was unconstitutionally designed and administered and the Georgia education system failed to prepare him to pass the exam. The district court dismissed for failure to state a claim upon which relief can be granted. We affirm.

Following two years of undergraduate study and receipt of an Associate in Arts degree, plaintiff entered law school in Atlanta, Georgia. Upon successful completion of the prescribed course of study and after taking a bar review course, plaintiff took and failed the February 1977 Georgia Bar Exam. He has taken and failed every Georgia Bar Exam since then.

Plaintiff filed suit in federal district court against the State of Georgia and the Board of Bar Examiners alleging a number of constitutional and statutory violations. In an amended complaint, plaintiff also attempted to add as defendants the "Director of the Board of Bar Examiners," the Chairman of the State Board of Education, the Chancellor of the State Board of Regents, the Secretary of State and the Governor of Georgia. The defendants moved to dismiss on the grounds that the complaint failed to state a claim, the action was barred by the Eleventh Amendment, and the federal court lacked subject matter jurisdiction. They also contended that several defendants were not properly served with process. The district court subsequently granted the motion to dismiss for failure to state a claim upon which relief could be granted, without considering defendants' other contentions.

Plaintiff attacks the Georgia Bar Examination itself on the following grounds: it serves no legitimate purpose and has no logical connection with an applicant's competence to practice law; it is unconstitutional because, unlike other professional examinations given by the State, there is no provision for taking and passing the examination in increments or for awarding extra points for veterans; it does not coincide with "the basic law school curriculum"; examinees are not allowed enough time to complete the examination and no special provisions are made for those who suffer from test anxiety or who lack the skills to take written tests; and other states administer their bar examinations differently.

The Supreme Court ruled in *Schware v. Board of Bar Examiners*, 353 U.S. 232, 239, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1956), that

[a] State can require high standards of qualification, such as good moral character or proficiency in its law, before it admits an applicant to the bar . . . .

This Court in *Tyler v. Vickery*, 517 F.2d 1089 (5th Cir.1975), held that Georgia's bar examination procedure is subject to the rational relationship test, and we found that the requirements of that test were met.

[T]he state has a legitimate and substantial interest in excluding from the practice of law those persons who do not meet its standards of minimal competence and . . . the Georgia examination, as presently constituted, tests skills and knowledge which have a "logical, apparent relationship" to those necessary to the practice of law.

517 F.2d at 1101. There is no indication that the examination has materially changed since that time, so that holding was binding on the district court and is controlling here.

As to the contentions that a different format or procedure might generate less anxiety or be more realistically indicative of

an applicant's ability to practice law and that the examination is conducted differently for other professions and in other states, we noted in *Tyler v. Vickery*, 517 F.2d at 1102, that

> the focus of the rational relationship test is not whether the state has superior means available to accomplish its objectives, but whether the means it has chosen is a reasonable one.

■ Plaintiff's contention that the refusal of the examiners to review his test paper with him violates the Freedom of Information Act, 5 U.S.C.A. § 552, and the Due Process Clause has two answers: *first,* the Freedom of Information Act has no application to state governments. *See* 5 U.S.C.A. §§ 551–52; *second, Tyler v. Vickery* held that the Due Process Clause does not require the Georgia Board of Bar Examiners to discuss examination papers with failing applicants.

One slight modification has occurred in the requirements to sit for the bar examination since *Tyler v. Vickery* was decided. Instead of requiring only two years of college and a law school degree, the rule now requires that an applicant satisfy three-fourths of the requirements necessary to attain an undergraduate degree and complete the requirements of an accredited law school. Ga.Code Ann. ch. 9–1 app. § 5 (Supp.1979). Until December 1983, however, plaintiff is not required to meet these higher standards because of the grandfathering provisions in the new requirements. The result in *Tyler* is not affected by the modification in the education requirements.

■ Plaintiff alleges it is possible for the Supreme Court of Georgia to be influenced by a member of the bar to admit to practice an otherwise unqualified applicant. The system *could* be corrupted. When the allegations contained in a complaint are wholly conclusory, however, and fail to set forth facts which, if proved, would warrant the relief sought, it is proper to dismiss for failure to state a claim. *Johnson v. Wells,* 566 F.2d 1016 (5th Cir.1978); *Cook v. Whiteside,* 505 F.2d 32 (5th Cir.1974). The "naked assertion" that a regulatory system could be improperly applied does not state a claim upon which relief may be granted. *See Blount v. Smith,* 440 F.Supp. 528, 531 (M.D.Pa.1977). *See also Attwell v. Nichols,* 608 F.2d 228, 231 (5th Cir.1979).

■ The complaint hints at a claim against the State of Georgia for inadequately preparing plaintiff to pass the Georgia Bar Exam. Plaintiff contends the law school curriculum is regulated by the state and is deficient because it does not adequately relate to the areas tested, so as a result almost every graduate of every law school in Georgia must take a bar review course. This contention does not state a federal claim. Just as there is no constitutional guarantee of the right to practice law without examination, *Attwell v. Nichols,* 608 F.2d at 230, there is likewise no constitutional or federal statutory right to be taught how to pass the bar examination. *See generally San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 35, 93 S.Ct. 1278, 1297, 36 L.Ed.2d 418 (1973):

> Education, of course, is not among the rights afforded explicit protection under our Federal Constitution. Nor do we find any basis for saying it is implicitly so protected.

Plaintiff's *pro se* complaint and brief seek relief on various other theories. We have considered these theories and find they lack merit.

In view of our conclusion that the district court was correct in dismissing the complaint for failing to state a claim upon which relief can be granted, we find it unnecessary to consider the other grounds for dismissal presented by defendants.

AFFIRMED.