S03U1451. IN RE UPL ADVISORY OPINION 2003-2.
(588 SE2d 741)

PER CURIAM.

We granted the State Bar of Georgia's petition for discretionary review to consider the opinion of the Standing Committee on the Unlicensed Practice of Law that the preparation and execution of a deed of conveyance on behalf of another and facilitation of its execution by anyone other than a duly licensed Georgia attorney constitutes the unauthorized practice of law. UPL Advisory Opinion No. 2003-2 (April 22, 2003).[1] See State Bar Rule 14-9.1 (g) (3) (authoriz-

---

[1] State Bar Rule 14-9.1 (b) empowers the Standing Committee on the Unlicensed Prac-

ing this Court to grant petition for discretionary review or review an opinion on its own motion). Because we agree with the UPL Standing Committee that only a licensed Georgia attorney may prepare or facilitate the execution of a deed of conveyance, we approve UPL Advisory Opinion No. 2003-2.

It is well established that this Court has the inherent and exclusive authority to govern the practice of law in Georgia, including jurisdiction over the unlicensed practice of law. *Eckles v. Atlanta Tech. Group*, 267 Ga. 801, 804 (2) (485 SE2d 22) (1997). See also *GRECAA, Inc. v. Omni Title Svcs.*, 277 Ga. 312 (588 SE2d 709) (2003); *Huber v. State*, 234 Ga. 357, 359 (216 SE2d 73) (1975); State Bar Rule 14-1.1. In this regard, we have issued formal advisory opinions which confirmed that a lawyer cannot delegate responsibility for the closing of a real estate transaction to a non-lawyer and required the physical presence of an attorney for the preparation and execution of a deed of conveyance (including, but not limited to, a warranty deed, limited warranty deed, quitclaim deed, security deed, and deed to secure debt). In other words, we have consistently held that it is the unauthorized practice of law for someone other than a duly-licensed Georgia attorney to close a real estate transaction or to prepare or facilitate the execution of such deed(s) for the benefit of a seller, borrower, or lender. See, e.g., Formal Advisory Op. No. 86-5 (86-R9) (May 12, 1989); Formal Advisory Op. No. 00-3 (Feb. 11, 2000).

The proponents of lay conveyancing,[2] or witness-only closings,[3] urge this Court to overturn UPL Advisory Opinion No. 2003-2 because, they contend, requiring the services of Georgia lawyers for real estate closings and the execution of deeds of conveyances needlessly harms the public interest by increasing price and decreasing choice for consumers. Recognizing that adherence to the public interest is "the foremost obligation of the practitioner," *First Bank &c. Co. v. Zagoria*, 250 Ga. 844, 845 (302 SE2d 674) (1983), as it distinguishes a professional service from a purely commercial enterprise, we continue to believe that the public interest is best protected when

---

tice of Law to address inquiries regarding the unauthorized practice of law.

[2] "Lay conveyancing," authorized by statute in some states, is generally defined as the practice by which non-lawyers close real estate transactions, provide settlement services, or select, prepare and complete certain real estate closing documents. See Va. Code Ann. § 6.1-2.19 (2003) (consumer protection statute authorizing lay settlement services); Colo. Rev. Stat. § 38-35-125 (2002) (recognizing authority of non-lawyers to close real estate transactions); Minn. Stat. § 481.02 (2002) (exempting non-lawyer real estate closings from statutory definition of unauthorized practice of law). In Georgia, non-lawyers may conduct pro se those transactions set out in OCGA § 15-19-50 and to which they are a party.

[3] "Witness-only closings" occur when notaries, signing agents and other individuals who are not a party to the real estate closing preside "over the execution of the deeds of conveyance and other closing documents, but purport to do so merely as a witness and notary, not as someone who is practicing law." UPL Advisory Opinion No. 2003-2, p. 5.

a licensed Georgia attorney, trained to recognize the rights at issue during a property conveyance, oversees the entire transaction. If the attorney fails in his or her responsibility in the closing, the attorney may be held accountable through a malpractice or bar disciplinary action. In contrast, the public has little or no recourse if a non-lawyer fails to close the transaction properly. It is thus clear that true protection of the public interest in Georgia requires that an attorney licensed in Georgia participate in the real estate transaction.

Although it is within this Court's exclusive authority to determine the scope of the practice of law, we note that since at least 1932 it has been the statutory policy in the State of Georgia that only attorneys properly licensed in Georgia are authorized to close real estate transactions. See OCGA § 15-19-50 (practice of law includes conveyancing, preparation of legal instruments of all kinds whereby legal right is secured, rendering of opinions as to the validity or invalidity of titles to real or personal property, and giving of any legal advice). See also *Ga. Bar Assn. v. Lawyers Title Ins. Corp.*, 222 Ga. 657 (151 SE2d 718) (1966). Although the language of this statute does not control the practice of law in Georgia, we find it is "in aid of the judiciary[ in the performance of its] function[s]," *Huber*, 234 Ga. at 360, and is consistent with our holding that only an attorney duly licensed in this State can prepare and facilitate the execution of a deed of conveyance. This policy was enacted and continues to exist for the benefit of the public and we are unpersuaded that the time has come to change the policy with regard to lay conveyances or witness-only closings. Accordingly, we hereby approve UPL Advisory Opinion No. 2003-2.

*UPL Advisory Opinion approved. All the Justices concur.*

DECIDED NOVEMBER 10, 2003 —
RECONSIDERATION DENIED DECEMBER 12, 2003.

*William P. Smith III*, General Counsel State Bar, *Robert E. McCormack III*, Assistant General Counsel State Bar, *Holland & Knight, Harold T. Daniel, Jr., Dennis P. Helmreich*, for State Bar of Georgia.

*Sutherland, Asbill & Brennan, Teresa W. Roseborough, Allegra L. Lawrence, Deborah M. Danzig, Dara L. Steele-Belkin, James M. Griffin, John P. Fonte, Richard H. Johnston, Edward F. Glynn, Jr., Ronald M. Jacobs*, amici curiae.