S03A1030. GRECAA, INC. v. OMNI TITLE SERVICES, INC.

(588 SE2d 709)

HUNSTEIN, Justice.

GRECAA, Inc., a private bar association also known as the Georgia Real Estate Closing Attorneys Association, brought suit seeking injunctive relief against Omni Title Services, Inc. on the basis that Omni was engaged in the unauthorized practice of law (UPL). The trial court granted Omni's motion to dismiss due to GRECAA's lack of standing to bring the suit. We affirm.

1. The Supreme Court of Georgia has the inherent and exclusive authority to govern the practice of law in Georgia. *Eckles v. Atlanta Tech. Group,* 267 Ga. 801, 804 (485 SE2d 22) (1997); *Huber v. State,* 234 Ga. 357, 359 (216 SE2d 73) (1975). "This authority necessarily includes jurisdiction over the unlicensed practice of law." State Bar Rule 14-1.1.

2. GRECAA contends that as an organized bar association, it has standing to bring suit against Omni for UPL pursuant to OCGA § 15-19-58 (a). That statute provides, in pertinent part, that "[e]ither the State Bar of Georgia, the Judicial Council of this state, or any organized bar association of this state is authorized to institute" an action seeking injunctive relief against any corporation "when it determines after investigation that such . . . corporation: (1) Is engaged in the unauthorized or unlawful practice of law." Id. OCGA § 15-19-58 was enacted by Ga. L. 1946, p. 171, and thus

predates by many years the action taken by the General Assembly in 1963 proposing the creation of the State Bar of Georgia (Ga. L. 1963, pp. 70-72); the order of this court entered December 6, 1963, creating and organizing the State Bar of Georgia (219 Ga. 873); and, the cases of *Wallace v. Wallace,* 225 Ga. 102 (166 SE2d 718), and *Sams v. Olah,* 225 Ga. 497 (169 SE2d 790), decided by this court in 1969. In these two cases, this court unconditionally asserted its

inherent power to govern the practice of law in this state. [Cit.]

*Huber,* supra, 234 Ga. at 359. We find no meaningful distinction between OCGA § 15-19-52, addressed in *Huber,* and OCGA § 15-19-58 when we conclude that OCGA § 15-19-58 "no longer controls the practice of law in Georgia." *Huber,* supra at 360. As we held in *Eckles,* supra, 267 Ga. at 804, "no statute is controlling as to the civil regulation of the practice of law in this state. Only this Court has the inherent power to govern the practice of law in Georgia."

This Court in the exercise of its inherent power has promulgated Part XIV of the State Bar Rules, in which are set forth the Rules Governing the Investigation and Prosecution of the Unlicensed Practice of Law. We have charged the State Bar of Georgia, as an official arm of the Court, "with the duty of considering, investigating, and seeking the prohibition of matters pertaining to the unlicensed practice of law and the prosecution of alleged offenders." Rule 14-1.2. The UPL Rules set forth a comprehensive framework for the State Bar to carry out its UPL duties. To the extent that OCGA § 15-19-58 purports to authorize any organized bar association other than the State Bar of Georgia to seek injunctive relief against an individual, firm or corporation allegedly engaged in UPL, it "conflicts with rules [regarding UPL] adopted or approved by the judiciary, [and thus] 'the legislative enactment must give way.' [Cits.]" *Eckles,* supra, 267 Ga. at 804.

Therefore, we conclude that OCGA § 15-19-58 has been obviated by the creation of the State Bar of Georgia and our directives to it, as an administrative arm of this Court, to investigate and prosecute cases of UPL. GRECAA's reliance upon this statutory provision is accordingly misplaced.

3. Nothing in UPL Rule 14-2.1 (a) authorizes a private bar association to regulate the unauthorized practice of law in Georgia. That rule merely defines UPL as "the practice of law, as prohibited by statute, court rule, and case law of the State of Georgia." GRECAA argues that the reference to "statute" means that Article 3 of Title 15 Chapter 19, particularly OCGA § 15-19-58 (a), has been incorporated into the operation of the UPL Rules. However, Rule 14-2.1 (a) also references "case law." As explained in Division 2, supra, OCGA § 15-19-58 (a) has been obviated in light of this Court's controlling precedents. Rule 14-2.1 (a) thus provides no authority for GRECAA's claim that it has standing to bring suit against Omni for UPL.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 10, 2003.

*Sutherland, Asbill & Brennan, Teresa W. Roseborough, Allegra J.*

*Lawrence, Deborah M. Danzig, Dara L. Steele-Belkin*, for appellant.
   *Womble, Carlyle, Sandridge & Rice, Nisbet S. Kendrick III, Harry W. MacDougald*, for appellee.