S03U1532. IN RE UPL ADVISORY OPINION 2002-1.
(591 SE2d 822)

PER CURIAM.

We granted the State Bar of Georgia's petition for discretionary review to consider the opinion of the Standing Committee on the Unlicensed Practice of Law ("UPL") that in situations where a physician transfers an outstanding account to a collector for either a set fee or a contingency fee, if the collector is authorized to and does file suit to recover the debt on the physician's behalf, the collector is engaging in the unauthorized practice of law. UPL Advisory Opinion No. 2002-1 (July 1, 2002). See State Bar Rule 14-9.1 (g) (3) (authorizing this Court to grant petition for discretionary review or review an opinion on its own motion). As explained below, we agree with the UPL Standing Committee that because the collector in this situation is involved in litigation and is representing the physician's interest

rather than his own, he is engaging in the unauthorized practice of law. Therefore, we approve UPL Advisory Opinion 2002-1.[1]

In granting the application for discretionary review, we posed the following hypothetical and instructed interested parties to address it:

> Whether it is the unauthorized practice of law if [a physician] transfers an outstanding account to [a collector] who is not an attorney for a set fee or contingency fee and allows [the collector] to file suit on his behalf if the debt dispute cannot be resolved.[2]

As explained below, resolution of this issue turns on whether the delinquent account's transfer to the collector is an actual and legal transfer of all interest in the account.

If the physician in the hypothetical described above makes an assignment that merely authorizes the collector to file suit on the physician's behalf, the collector will obviously be representing the physician's interest rather than his own. Likewise, if the purported assignment from the physician is purely for the purpose of debt collection on the physician's behalf, or if the collector only pays consideration to the physician once the account is collected upon, then the assignment is nothing more than a means through which the collector is representing the physician. In either of these scenarios, the collector is concerned with the physician's interest in the overdue account, rather than his own. If such a collector files suit in order to collect on the account, he or she will be (1) representing a litigant in court; (2) preparing legal instruments whereby a legal right is secured; and (3) taking action for another in connection with the law. Thus, that collector is engaging in the unauthorized practice of law. OCGA § 15-19-50 (1), (3), (6).

If, however, the physician makes an actual, legal transfer of the overdue account to the collector, thereby relinquishing all interest in the account, then the collector would be representing only his or her own interest in seeking to collect the debt owed. In that situation, the collector would be permitted to file suit to collect from the debtor.[3]

---

[1] It is well established that this Court has the inherent and exclusive authority to govern the practice of law in Georgia, including jurisdiction over the unlicensed practice of law. *Eckles v. Atlanta Tech. Group*, 267 Ga. 801, 804 (2) (485 SE2d 22) (1997). See also *In re UPL Advisory Opinion 2003-2*, 277 Ga. 472 (588 SE2d 741) (2003); *Huber v. State*, 234 Ga. 357, 359 (216 SE2d 73) (1975); State Bar Rule 14-1.1.

[2] No briefs were submitted challenging the UPL Committee's opinion that this practice does constitute the unauthorized practice of law.

[3] Georgia's citizens, of course, have a constitutionally protected right of self-representation. Ga. Const. (1983), Art. I, Sec. I, Par. XII. Therefore, we note that if the collector is an individual pursuing his or her own interest, as opposed to the interest of the

Thus, in order to determine whether the collector may file suit to collect on the physician's delinquent account, courts must assess exactly what sort of interest in the account the physician has transferred to the collector. If the transfer divests the physician of all legal title and interest in the account, then an individual collector may sue to recover the debt because he is representing his own interests. If, however, the transfer is merely a means of attempting to allow the collector to sue on the physician's behalf, then the collector who files suit to collect the debt is engaged in the unauthorized practice of law.

Accordingly, in cases such as this, trial courts should closely examine the interests conveyed by a purported transfer in order to determine whether the practice of law is authorized. The UPL Advisory Opinion, which is in accordance with our opinion today, has provided excellent guidance in this regard. Therefore, this Court hereby approves UPL Advisory Opinion 2002-1.

*UPL Advisory Opinion approved. All the Justices concur.*

DECIDED JANUARY 12, 2004.

*Steven J. Kaczkowski, Robert E. McCormack III*, for State Bar of Georgia.

---

assigning physician, the collector may act on his or her own and file suit to collect on the debt. If, however, the collector is a corporation rather than an individual, and if the collector is pursuing its own interests, it may only file suit without an attorney in a Georgia court that is not of record. *Eckles*, 267 Ga. at 805.