## S05U1720. FORMAL ADVISORY OPINION 04-1.
(626 SE2d 480)

PER CURIAM.

We granted a petition for discretionary review brought by the State Bar of Georgia to consider the proposed opinion of the Formal Advisory Opinion Board[1] (hereinafter "Board") that, if an attorney supervises the closing of a real estate transaction conducted by a non-lawyer entity, the attorney is a fiduciary with respect to the closing proceeds and the closing proceeds must be handled in accordance with the trust account and Interest on Lawyer's Trust Account (IOLTA) provisions in Rule 1.15 (II) of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct. Formal Advisory Opinion No. 04-1 (August 6, 2004). See State Bar Rule 4-403 (d) (authorizing this Court to grant a petition for discretionary review).[2] For the reasons

---

[6] Id.

[1] State Bar Rule 4-403 (a) authorizes the Formal Advisory Opinion Board to draft Proposed Formal Advisory Opinions concerning the proper interpretation of the Rules of Professional Conduct.

[2] Formal Advisory Opinion Board opinions, which are approved or modified by this Court,

set forth below, we agree with the Board that a lawyer directing the closing of a real estate transaction holds money which belongs to another (either a client or a third party) as an incident to that practice, and must keep that money in an IOLTA. We further add that if the proceeds are not subject to the rules of IOLTA subsection (c) (2), then the funds must be deposited in an interest-bearing account for the client's benefit. Rule 1.15 (II) (c) (1). Under no circumstances may the closing proceeds be commingled with funds belonging to the lawyer, the law office, or any entity other than as explicitly provided in the Rule.

The matter came before the Board pursuant to a request for an advisory opinion on the following question:

> May a lawyer participate in a non-lawyer entity created by the lawyer for the purpose of conducting residential real estate closings where the closing proceeds received by the entity are deposited in a non-IOLTA interest bearing bank trust account rather than an IOLTA account?

The opinion first appeared in the June 2004 issue of the Georgia Bar Journal. In response, the Board received comments both in support of and in opposition to the opinion. The modified opinion appeared in the October 2004 Georgia Bar Journal, and the State Bar thereafter sought discretionary review.

The closing of a real estate transaction in this State constitutes the practice of law, and, if performed by someone other than a duly-licensed Georgia attorney, results in the prohibited unlicensed practice of law. *In re UPL Advisory Opinion 2003-2*, 277 Ga. 472 (588 SE2d 741) (2003). The attorney participating in the closing is a fiduciary with respect to the closing proceeds, which must be handled in accordance with the trust account and IOLTA provisions in Rule 1.15 (II).[3] Specifically, when a lawyer holds client funds in trust, the lawyer must make an initial determination whether the funds are eligible for the IOLTA program. Closing proceeds from a real estate transaction which are nominal in amount or are to be held for a short period of time (i.e., funds that cannot otherwise generate net earnings for the client) must be deposited into an IOLTA. Funds that are not nominal in amount or funds, no matter what amount, that are not to be held for a short period of time, are ineligible for placement in an IOLTA and must be placed in an interest-bearing trust account, with

---

are "binding on all members of the State Bar." State Bar Rule 4-403 (e).

[3] The sole issue addressed in the proposed opinion is whether an attorney may participate in a non-lawyer entity which the attorney created for the purpose of conducting residential real estate closings without depositing the closing proceeds in an IOLTA.

the net interest generated paid to the client. Rule 1.15 (II) (c). See also *Brown v. Legal Foundation of Washington*, 538 U. S. 216 (155 LE2d 376, 123 SC 1406) (2003). Under either circumstance, Rule 1.15 (II) instructs that a lawyer involved in a closing has a strict fiduciary duty to deposit a client's real estate closing proceeds in a separate IOLTA or non-IOLTA interest-bearing trust account.

The Board's recognition that, under all circumstances, the interest generated on the client's closing funds is governed by Rule 1.15 (II), ensures full compliance where real estate closings are involved. Accordingly, we adopt Formal Advisory Opinion No. 04-1 to the extent it is in accord with the rule that attorneys must place client closing proceeds that are nominal or held for a short period of time in an IOLTA. We clarify that closing proceeds that are more than nominal in amount or that will be deposited for more than a short period of time must be placed in a non-IOLTA interest-bearing account with interest payable to the client. Rule 1.15 (II) (c) (1).

*Formal Advisory Opinion approved, as modified. All the Justices concur.*

DECIDED FEBRUARY 13, 2006.

*William P. Smith III, General Counsel State Bar, John J. Shiptenko, Assistant General Counsel State Bar*, for State Bar of Georgia.