Lloyd O. McKINLEY, Plaintiff–Appellant

v.

Rissie OWENS, Chairwoman of the Board of Paroles, Defendant–Appellee.

No. 11–50512

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 4, 2012.

Lloyd O. McKinley, Rosharon, TX, pro se.

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM: *

Lloyd O. McKinley, Texas prisoner # 1438747, filed the instant 42 U.S.C. § 1983 suit to raise several state and federal law claims arguing that his parole hearings were unfair and were not being conducted in compliance with state law. This court is now presented with McKinley's appeal from the district court's dismissal of his suit as frivolous pursuant to 28 U.S.C. § 1915(e). We review this dismissal for an abuse of discretion. *See Green v. Atkinson,* 623 F.3d 278, 279–80 (5th Cir.2010).

First, McKinley contends that his due process rights have been infringed because he has a protectable liberty interest in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

parole. McKinley is mistaken. *See Teague v. Quarterman,* 482 F.3d 769, 774 (5th Cir.2007); *Johnson v. Rodriguez,* 110 F.3d 299, 308 (5th Cir.1997). Insofar as he challenges the district court's dismissal of his equal protection claim, he has not shown error in connection with the district court's determination that this claim failed because inmates with different housing classifications are not similarly situated. *See Martin v. Scott,* 156 F.3d 578, 580 (5th Cir.1998). Because McKinley's separation of powers claim does not relate to federal entities, the district court did not abuse its discretion by deeming this claim frivolous. *See Attwell v. Nichols,* 608 F.2d 228, 230 (5th Cir.1979).

To the extent McKinley contends that the district court erred by concluding that the defendant was entitled to Eleventh Amendment immunity because such immunity does not shield an official for actions taken in her personal capacity, this argument is based on McKinley's apparent misreading of the district court's reasons for dismissal, which provided that the defendant was entitled to Eleventh Amendment immunity for actions taken in her official capacity. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 101 n. 11, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Finally, because the district court dismissed all of McKinley's federal claims as frivolous, it did not abuse its discretion by declining to exercise supplemental jurisdiction over his state-law claims, which it dismissed without prejudice. *See Bass v. Parkwood Hosp.,* 180 F.3d 234, 246 (5th Cir.1999).

The district court's judgment is AFFIRMED. Its dismissal of McKinley's § 1983 complaint for failure to state a claim counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir.1996). McKinley is CAUTIONED that if he accu-

mulates three strikes under § 1915(g), he will not be allowed to proceed IFP in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* § 1915(g).